JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiffs appeal the summary judgment order of the District Court of the Fourth Judicial District, Missoula County, which ruled in favor of defendant David Ballou based on the “accepted work” doctrine of contractor nonliability. We reverse and remand to the District Court for reconsideration.
The sole issue for review is whether the District Court erred in granting summary judgment to defendant Ballou.
Appellants Edward Nichols, Jr., Julia A. Brummel and Nichole A. Brummel, by Julia A. Brummel as her Mother and Natural Guardian (plaintiffs) filed complaints alleging that they suffered carbon monoxide poisoning while residing in a rental property located in Missoula, Montana. The amended complaint alleged numerous claims against several defendants. Plaintiffs have settled their claims with and stipulated to dismiss defendants John Schubert, Cole MacPherson, Don Beaver Heating and Air Conditioning and Thomas Plumbing and Heating. Claims against two defendants remain. Plaintiffs’ claim against defendant David Corntassel is rooted in the Montana Residential Landlord and Tenant Act and is not a part of this appeal. This appeal relates solely to the District Court’s summary judgment dismissal of plaintiffs’ claim against defendant David Ballou (Ballou), a Missoula heating and air conditioning contractor and owner of Ballou Heating and Air Conditioning.
In their Second Amended Complaint, plaintiffs alleged the following: In 1988, plaintiffs rented a residence located at 2120 South 14th Street in Missoula owned by David Corntassel. Corntassel had purchased the residence in 1986 from John Schubert. To meet FHA financing requirements, Schubert raised the foundation of the house approximately two feet. When this was done, the vent pipes from the furnace had to be modified accordingly. Schubert contracted with Ballou to perform the modifications to the furnace exhaust system. Ballou performed the work in July or August of 1986. In April 1988, shortly after plaintiffs moved into the house, the exhaust vent pipe *175 leading from the furnace to the chimney separated because the vent had never been securely fastened by Ballou.
Plaintiffs alleged that when the vent pipe separated, carbon monoxide gas escaped, causing them to suffer carbon monoxide poisoning. They further alleged that Ballou negligently reconnected the furnace exhaust vent in the residence.
In his Answer, Ballou denied plaintiffs’ allegations except as follows: He admitted that Schubert was the owner of the premises at the time that Ballou Heating and Air Conditioning performed the work. He admitted that he was in the business of installing and repairing heating and air conditioning systems. He also admitted that there are city and county codes relating to the installation of furnaces.
Did the District Court err in granting summary judgment in favor of Ballou?
The District Court determined that sufficient facts were presented to grant summary judgment to Ballou on the basis of the “accepted work” doctrine as an affirmative defense. The “accepted work” doctrine is a rule of contractor nonliability most recently approved by this Court in Harrington v. LaBelle’s of Colo. Inc. (1988), 235 Mont. 80, 765 P.2d 732. See also Olson v. Kayser (1973), 161 Mont. 241, 505 P.2d 394; Hannifin v. Cahill-Mooney Constr. Co. (1972), 159 Mont. 413,498 P.2d 1214; and Ulmen v. Schwieger (1932), 92 Mont. 331, 12 P.2d 856.
Under the “accepted work” doctrine, the contractor owes no duty to a third party who is subsequently injured on the premises. The property owner (contractee) is substituted for the contractor as the responsible party when the work is accepted. Harrington, 765 P.2d at 734. The primary rationale is that the injured person is not in privity of contract with the contractor. Under the doctrine, Schubert, as the owner who employed Ballou, would become the responsible party after he accepted the work done by Ballou to reconnect the exhaust vent, if all five elements of the “accepted work” doctrine were met.
Contractor nonliability principles initially parallelled those of product liability. Product liability law, unlike its counterpart, has changed significantly over the years as exemplified by the landmark case MacPherson v. Buick Motor Co. (N.Y. App. 1916), 111 N.E. 1050. MacPherson initiated a shift in product liability law subjecting manufacturers or suppliers to liability for negligence. Annotation, Negligence ofbuilding or construction contractor as ground of liability upon his part for injury or damage to third person occurring after completion and acceptance of the work. 58 A.L.R.2d 865, 869-70. The general *176 rule of nonliability for contractors did not experience a similar metamorphosis. However, a gradual trend away from nonliability for negligence developed around a group of exceptions to the general rule instead of an outright repudiation of the “accepted work” doctrine in those jurisdictions which had previously adopted the doctrine. Strakos v. Gehring (Tex. 1962), 360 S.W.2d 787, 790. One of the numerous exceptions which evolved is the “latent defect” exception which plaintiffs urge this Court to adopt.
Authors of the Restatement (Second) of Torts at § 385 recommended that contractors should be placed on the same footing as manufacturers for negligence liability. 58 A.L.R.2d at 871. In Strakos, the court completely overruled its prior ruling which had approved the “accepted work” doctrine, noting that the effect of the decision was to bring the defendant within general rules of tort litigation, restoring logic and simplicity to the law. Strakos, 360 S.W.2d at 790-91.
A number of courts have expressed dissatisfaction with the rule, favoring a more direct approach such as that of the Texas court in Strakos. 13 Am. Jur. 2d Building and Construction Contracts § 140 (1964). Instead of applying the nonliability rule, these courts have established a rule that a contractor is liable for injuries to or death of third persons after acceptance by the contractee where the work is reasonably certain to endanger third persons if negligently completed. Id. This view adopts a rationale that there are no sufficient grounds to differentiate between liability of a manufacturer of goods and that of a building or construction contractor. Id. The building contractor’s liability under this reasoning is not absolute, but predicated upon negligence. Thus, a contractor following plans or specifications given to him will not be liable if a reasonable person would have followed them. Id. See, e.g., Menendez v. Paddock Pool Constr. Co. (Ariz. App. 1991), 836 P.2d 968 (nonliability rule applies only when contractor has no discretion and is merely following plans and specifications provided by the employer); and Hanna v. Fletcher (D.C.Cir. 1956), 231 F.2d 469 (the leading case rejecting the “accepted work” doctrine).
In this appeal, plaintiffs have asked this Court to review the “accepted work” doctrine and consider whether it is appropriate to continue to blindly exempt contractors from liability when the elements of the doctrine are present. They do not argue that this Court should follow the example of the many jurisdictions which have completely abandoned the doctrine as this Court has already done for products liability actions against manufacturers and others pre *177 viously exempt from liability. See Brandenburger v. Toyota Motor Sales, U. S. A., Inc. (1973), 162 Mont. 506, 513 P.2d 268. Instead, they urge us to adopt the “latent defect” exception to the doctrine and argue that the facts of this case clearly demonstrate that a latent defect existed when Ballou performed the work and turned it over to Schubert some twenty months prior to their injury.
Based on the arguments presented in the briefs, the court concluded that it was appropriate to consider the “accepted work” doctrine and the possible application of the “latent defect” exception to that doctrine. Both parties’ briefs before this Court indicated there were no genuine issues of fact relating to the five elements of the “accepted work” doctrine. Argument was presented on that theory.
This Court has now made a careful review of the entire record before the District Court. The record, as submitted to this Court, contains no affidavits of any kind, no depositions, no interrogatories, and no separate admissions which could be considered. The Clerk of the District Court verified that its entire record had been submitted to this Court for the appeal. As previously pointed out, the defendant Ballou has denied, generally and specifically, all of the allegations on the part of the plaintiff in the amended complaint with the exception only of an admission that Schubert owned the premises at the time when Ballou performed work, that Ballou was in the business of repairing heating and air conditioning systems and that there are city and county codes. As a result, the pleadings themselves fail to establish any facts pertinent to the issues before this Court.
As the party moving for summary judgment, Ballou was required to comply with the provisions of Rule 56(c), M.R.Civ.R, which in pertinent part provides:
Motion and proceedings thereon.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ...
Rule 56(c) has been the subj ect of many cases decided by this Court. In the great majority of cases, the question raised is whether or not the party opposing summary judgment has properly submitted facts to demonstrate an issue of material fact. Parties continue to argue that facts alleged in the pleadings must be accepted as correct. In such cases, we have held as follows:
*178 ... Drug Fair argues that the facts alleged in its complaint must be accepted as correct. That is not correct. As pointed out in Mayer Brothers v. Daniel Richard Jewelers, Inc. (1986), [223 Mont. 397], 726 P.2d 815, a party opposing a motion for summary judgment may not rest upon the mere allegations of pleadings, and has an affirmative duty to respond by affidavits or sworn testimony with specific facts that show there is genuine issue of fact for trial. ...
Drug Fair Northwest v. Hooper Enters., Inc. (1987), 226 Mont. 31, 733 P.2d 1285, 1287.
The essential question here, however, is whether or not defendant Ballou has submitted sufficient facts to trigger the court’s consideration under Rule 56(c), M.R.Civ.P. In describing the cases where a summary judgment is proper, this Court stated in Gamble Robinson Co. v. Carousel Properties (1984), 212 Mont. 305, 688 P.2d 283, 286-87, as follows:
Summary judgment is not a substitute for trial. ... Rule 56(c), Mont.R.Civ.P. permits summary judgment to issue only when there is no genuine issue of material fact, and the moving party is entitled to the judgment as a matter of law. ... In Cereck v. Albertson’s, Inc. (1981), 195 Mont. 409, 637 P.2d 509, we stated the test for granting summary judgment:
“It is well established that a party moving for summary judgment has the burden of showing a complete absence of any genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law. [Citations omitted.] All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing summary judgment.” [Citations omitted.]
The moving party’s initial burden is two-fold. First, it must show the absence of any genuine issue as to material fact. Second, that party must also show that this set of facts entitles it to the judgment as a matter of law. This necessarily implies the articulation of cogent legal grounds to which the facts apply. (Emphasis supplied.) (Citations omitted.)
The foregoing is the test which must be applied in the present case.
As pointed out above in Gamble Robinson, it was the burden of defendant Ballou here to first show the absence of any genuine issue of material fact, and second, to show that this set of facts entitled Ballou to judgment as a matter of law. Both defendant Ballou and plaintiffs have failed to establish facts which entitled any of them to *179 judgment as a matter of law. As noted, the pleadings fail to establish as matters of fact the key facts regarding the furnace, furnace pipe, separation of the pipe, and resultant injury. The parties do make reference in their briefs to various depositions, but none of those depositions are a part of the record before us. We conclude that defendant Ballou has completely failed to set forth a set of facts which entitle him to judgment as a matter of law. We also emphasize that plaintiffs in turn have failed to set forth facts which entitle them to judgment as a matter of law. As a result, we hold that defendant Ballou as the moving party has failed to establish a set of facts which entitled him to judgment as a matter of law under Rule 56(c), M.R.Civ.P.
We, therefore, hold that the District Court erred in granting summary judgment to defendant Ballou. We remand this case for further consideration in a manner consistent with this opinion.
Reversed and remanded.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, HARRISON and McDonough concur.