NO.  95-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

WADE KOLAR,

       Plaintiff and Appellant,

   v.

DENNIS, BERGO, LINDA BERGO,
DAVID SALVI, and RICHARD JERGESEN,

       Defendants and Respondents.

APPEAL FROM:    District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable John R. Christensen, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          James Stogsdill; Attorney at Law;
          Lewistown, Montana

          L. Randall Bishop; Jarussi & Bishop;
          Billings, Montana

       For Respondents:

          Steven J. Harman; Brown, Gerbase, Cebull,
          Fulton, Harman & Ross; Billings, Montana
          (for Dennis Bergo)

          Robert J. James; James, Gray & McCafferty;
          Great Falls, Montana
          (for Linda Bergo)

          Carey E. Matovich; Matovich, Addy & Keller;
          Billings, Montana
          (for David Salvi)

          Charles R. Johnson; Marra, Wenz, Johnson &
          Hopkins; Great Falls, Montana
          (for Richard Jergesen)

FILED

DEC 17 1996

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 10, 1996

Decided:  December 17, 1996

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Wade Kolar appeals from an order and memorandum issued by the Tenth Judicial District Court, Fergus County, granting summary judgment to defendants Linda Bergo and David Salvi. We reverse and remand.

The sole issue on appeal is whether the District Court erred in granting summary judgment to Linda Bergo and David Salvi.

FACTS

On the day of April 1, 1993, David Salvi and his children had been playing practical jokes on each other, as it was April Fool's Day. They decided to play a joke on Dennis Bergo since Dennis and Linda Bergo were close family friends. The essence of the joke was to make Dennis believe that nine-year-old Marie Salvi was home alone, frightened, and in distress.

Marie called the Bergo residence and spoke with Linda who told Marie that Dennis was not home but that she would try and locate him. Linda called Dennis, who was at the house of his friend, Richard Jergesen, and relayed Marie's message to him. Dennis had gone over to Jergesen's in the afternoon and discovered that he and some friends were working on a gravel moving project. Dennis had a beer at Jergesen's, returned home to change clothes, and went back to Jergesen's to help with the work. Later Jergesen ordered pizza to reward his friends for their help and Dennis had three or four more beers during that period of time.

In the meantime, Marie had called Linda a second time and asked for Dennis. She pretended that she was home alone, did not know where her father was, and indicated she was becoming increasingly anxious and afraid. Linda decided she should go over to the Salvi residence as quickly as possible and when she arrived she discovered that David and Marie were trying to play a practical joke on Dennis.

While Linda and David were visiting in the kitchen, Marie called Dennis herself at Jergesen's and told him she was home alone and wanted him to come over. She was crying and sounded fearful and in distress. Dennis rushed out of Jergesen's house, jumped into his pick-up truck and headed over to the Salvi residence. In his hurry to respond to Marie's call for help, Dennis failed to adequately check traffic at the truck by-pass intersection 1.4 miles west of Lewistown. Dennis drove through a stop sign and pulled directly in front of Wade Kolar, who was approaching the intersection on his motorcycle. Kolar was seriously injured.

Kolar filed a complaint for negligence against Dennis and a demand for jury trial. During discovery, Dennis blamed the accident on the practical joke and his concern about getting over to the Salvi residence. Kolar subsequently amended his complaint and named Linda and David as additional defendants. He later filed a second amended complaint alleging that Jergesen was also responsible for the accident as a social host. Linda and David

3

each filed motions for summary judgment which the District Court granted. This appeal followed.

## STANDARD OF REVIEW

Our standard of review in appeals from summary judgment is de *novo*. Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

## DISCUSSION

Did the District Court err in granting summary judgment to Linda Bergo and David Salvi?

The District Court stated that the only factual dispute before the court was the extent of Dennis's concern and anxiety for Marie when he left Jergesen's. The court determined that this dispute was not a "material issue of genuine fact" prohibiting the granting of summary judgment to Linda and David. Instead, the court focused on foreseeability and stated that "[h]ad the result been in any way foreseeable, it is doubtful the practical joke would have ever been played."

The court stated there was no reason for Linda and David to believe that Dennis was consuming alcohol while he was at Jergesen's and/or that he would not be able to drive to the Salvi

4

residence without being involved in an accident. The court held that in this case reasonable minds could not differ as to the issue of foreseeability and that, even though the results of the practical joke were tragic, they were not in any way foreseeable by Linda and David.

Kolar argues that it was Dennis, and not him, that brought Linda and David into the case when Dennis defended the complaint by stating that the practical joke was a superseding intervening cause of the accident. Kolar claims that if we allow the District Court to dismiss Linda and David as defendants, then his remaining claim against Dennis will be compromised since the jury will undoubtedly reduce Dennis's degree of fault due to the circumstances surrounding the practical joke. According to Kolar, the jury will know Dennis was a victim too.

Kolar argues that in responding to the motions for summary judgment he met his burden to establish a genuine issue of material fact concerning Dennis's state of mind when he left Jergesen's to rush over to the Salvis'. Kolar claims that the court erred by requiring him to prove that Linda and David were able to foresee the specific scenario that resulted in the accident and his injuries.

Kolar argues that public policy requires that liability be imposed upon practical jokers when their acts lead in a natural and continuous sequence to injury. He relies on § 444 of the Restatement (Second) of Torts concerning acts done under an

5

impulsion of an emotional disturbance to argue that as a matter of law, practical jokers cannot rely upon a foreseeability analysis to break the chain of causation.  Finally, Kolar argues that the District Court erred in refusing to apply the "substantial factor" test of causation.

Linda and David argue that no genuine issues of material fact exist in this case to preclude summary judgment in their favor. They claim that there can be no showing that the practical joke constituted a danger from which a reasonable person could have been expected to foresee any resulting risk of harm.  They note that neither of them dialed the telephone or spoke to Dennis from the Salvi residence and that neither of them could have known that Dennis had been drinking.

Linda and David further argue that they should not be held strictly liable as practical jokers, and they claim that negligence and foreseeability are the proper legal theories which should be applied to this case.  They argue that hindsight is not the measure for determining foreseeability, but that the focus should be on what a reasonably prudent person would have foreseen as likely to happen at the time.  Linda and David argue that § 444 of the Restatement (Second) of Torts is not applicable to this case since Dennis was acting under the influence of alcohol and not under an impulsion of emotional disturbance.  Finally, Linda and David claim that dismissing them from this action does not compromise Kolar's remaining claims.

This Court has repeatedly stated that the purpose of summary judgment is to encourage judicial economy by eliminating unnecessary trials, but that summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Nichols v. Corntassel (1993), 258 Mont. 173, 852 P.2d 583; Kenyon v. Stillwater County (1992), 254 Mont. 142, 835 P.2d 742; Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509. The moving party has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the moving party to judgment as a matter of law and all reasonable inferences are to be drawn in favor of the party opposing summary judgment. Nichols, 852 P.2d at 586.

Moreover, we have stated that ordinarily issues of negligence are questions of fact not susceptible to summary judgment. Dillard v. Doe (1992), 251 Mont. 379, 382, 824 P.2d 1016, 1018. Liability should not be determined upon a motion for summary judgment where factual issues concerning negligence and causation are presented. Dillard, 824 P.2d at 1018-19 (citing Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 377, 492 P.2d 926, 931). In certain cases, however, where reasonable minds could reach but one conclusion as to the cause of an accident, questions of fact may be determined as a matter of law. Dillard, 824 P.2d at 1019 (citing Brohman v. State (1988), 230 Mont. 198, 202, 749 P.2d 67, 70).

We determine that the present case is not one in which reasonable minds could reach but one conclusion as to the cause of the accident and Kolar's subsequent injuries. Nor are we convinced that reasonable minds could not differ as to whether the accident should have been foreseeable by Linda and David. Linda testified that Dennis visited Jergesen's almost weekly and that he was sometimes known to take a drink or two while there. Linda stated that she expected Dennis to react to Marie's urgent telephone call in much the same way she had done when she rushed over to the Salvi residence. Linda knew that Dennis would have to use a highway intersection which she stated "isn't a good intersection" and she knew it was dark which made visibility even worse.

Dennis testified that Marie was crying over the telephone and that it sounded real to him. He stated that when he rushed out of Jergesen's house he was hyped-up and worried. Both Dennis and Jergesen testified that it was the practical joke and not Dennis's drinking that was the primary cause of the accident.

We conclude that, in this case, Dennis's state of mind when he left Jergesen's house, and the extent to which Kolar's injuries should have been foreseeable by Linda and David, are questions of fact for the jury. However, we are not suggesting that instructions beyond those referred to in Busta v. Columbus Hospital (Mont. 1996), 916 P.2d 122, 53 St. Rep. 428, are necessary in order to frame that issue.

8

Similar to <u>Busts.,</u> this case involves allegations of contributory negligence, multiple causes, and multiple defendants. The use of the substantial factor test of causation is therefore appropriate. In addition, we reject Linda's and David's contention that they may rely upon the defense of superseding intervening cause and determine that this affirmative defense is not available to them as a matter of law. Neither Linda nor David have met their burden of demonstrating that no genuine issues of material fact exist, and we therefore hold that the District Court erred in granting summary judgment in their favor.

Reversed and remanded for further proceedings consistent with this opinion.

_____
                Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices

9

December 17, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

James L. Stogsdill
Attorney At Law
505 West Main, Suite 314
Lewistown MT 59457

L. Randall Bishop
Jarussi & Bishop
Box 3353
Billings MT 59103-3353

Steven J. Harman
Brown, Gerbase, Cebull, Fulton,
Harman & Ross, P.C.
Box 849
Billings MT 59103-0849

Robert F. James
James, Gray & McCafferty, P.C.
Box 2885
Great Falls MT 59403-2885

Carey E. Matovich
Matovich, Addy & Keller, P.C.
2812 First Avenue North, #225
Billings MT 59101

Charles R. Johnson
Marra, Wenz, Johnson & Hopkins
Box 1525
Great Falls MT 59403-1525

Jon A. Oldenburg
Attorney at Law
505 West Main Street, Ste. 309

Lewistown, MT 59457

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy