No. 99-646

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 171N

LARRY HANEY,

Plaintiff and Appellant,

v.

JAMES OBIE,

Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Russell K. Jones, Attorney at Law, Spokane, Washington

For Respondent:

James Obie, Attorney at Law, Helena, Montana

Submitted on Briefs: May 25, 2000

Decided: July 6, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Plaintiff and Appellant Larry Haney (Haney) appeals from the judgment of the First Judicial District Court, Lewis and Clark County, granting summary judgment in favor of Defendant and Respondent James Obie (Obie).

¶3 The sole issue on appeal is whether Obie had the duty to calculate and ensure that Haney received the precise number of days of credit for incarceration.

Standard of Review

¶4 Our standard of review in appeals from grants of summary judgment is *de novo*. *See* Meyer v. Creative Nail Design, Inc., 1999 MT 74, ¶ 13, 294 Mont. 46, ¶ 13, 975 P.2d 1264, ¶ 13. To be granted summary judgment, the "moving party has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the moving party to judgment as a matter of law and all reasonable inferences are to be drawn in favor of the party opposing summary judgment." Kolar v. Bergo (1996), 280 Mont. 262, 266, 929 P.2d 867, 869 (citation omitted).

¶5 The existence of a legal duty is a matter of law to be determined in the first instance by the trial court. *See* Nautilus Ins. Co. v. First Nat'l Ins., Inc. (1992), 254 Mont. 296, 299, 837 P.2d 409, 411 (citation omitted). We review a district court's conclusion of law to determine whether it is correct. *See* In re Marriage of Scott (1997), 283 Mont. 169, 173, 939 P.2d 998, 1000 (citations omitted).

## Factual and Procedural Background

¶6 Haney filed a complaint against Obie in July, 1998, alleging that Obie was negligent in his representation of Haney by "failing to request and secure for Larry Haney a numerical calculation of credit for each day of incarceration prior to and after conviction, pursuant to MCA 46-18-403(1)." Obie was Haney's court-appointed attorney when Haney's suspended sentence was revoked in April, 1995 and Haney was sentenced to serve the remaining portion of his term. The revocation of Haney's suspended sentence resulted in the District Court's Order Revoking Defendant's Suspended Sentence and Amended Judgment and Commitment filed April 5, 1995, and several amended orders filed September 5, 1995, August 30, 1996, and December 10, 1996.

¶7 The August, 1996 Order, issued in response to a motion filed by attorney Jeff Renz, clarified that Haney's various sentences were to run concurrently and noted that Haney was "granted time spent on probation as well as time spent in jail." Renz's motion did not address numerical credit for incarceration.

¶8 In October, 1996, Haney moved *pro se* for amendment of his sentences to "explicitly [state] the exact number of days Defendant was incarcerated in the County Jail on all charges and sentences." The District Court did not rule on Haney's motion until Deputy County Attorney Clemens filed a motion in December, 1996, which included a full accounting of Haney's jail time since 1989. The District Court ordered that Haney be granted 144 days' credit for several periods of incarceration on the underlying offenses from March, 1989 to March, 1995. Haney was released from Montana State Prison several days later.

¶9 Haney's Complaint alleged that he was released from prison forty-two days late as a result of Obie's negligence in failing to secure a numerical calculation of credit for incarceration. On March 15, 1999, Obie moved for summary judgment. The question before the District Court on the motion for summary judgment was "whose responsibility is it to determine the precise number of days a Defendant is to be given credit for." The court held that Obie did not have a duty to determine the precise number of days for which Haney was to be given credit, and granted Obie's motion for summary judgment.

## Discussion

¶10 Did Obie have the duty to calculate and ensure that Haney received the precise number of days of credit for incarceration?

¶11 Section 46-18-403(1), MCA, states in relevant part that "[a]ny person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction . . . ." The credit for incarceration is automatic, but the statute is silent as to who is responsible for the administrative act of actually calculating and applying the credit.

¶12 Haney argues that Obie had the duty to calculate and ensure that Haney received the precise number of days of credit for his incarceration based on the Rules of Professional Conduct and Obie's past work on behalf of the Department of Corrections. We find no such duty on either basis.

¶13 Haney alleges that Obie's duty arose from Rule 1.3 of the Rules of Professional Conduct, which states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." As the District Court noted, the case cited by Haney explicitly states that "[t]he Rules of Professional Conduct do not establish substantive legal duties-they neither create, augment nor diminish any duties." In re Kirsh (9th Cir. 1992), 973 F.2d 1454, 1461. There is no statutory duty imposed on an attorney to calculate and ensure that a defendant receives numerical credit for incarceration and the Rules of Professional Conduct do not create such a duty.

¶14 Further, Obie's "specialized knowledge" of Montana State Prison Procedure-that prison officials would not make the calculation-does not create such a duty. Neither statute nor case law impose on an attorney the duty to calculate and ensure that a defendant receives numerical credit for incarceration. The credit for incarceration is automatic under § 46-18-403(1), MCA. The actual numerical calculation is an administrative act and is not the responsibility of defense counsel.

¶15 The District Court's Order granting summary judgment in favor of Obie is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.