No. 96-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


AMY BLACKBURN, Individually, and as Personal Representative
of the Estate of Baby Boy Doe, Deceased,

Plaintiff and Appellant,

v.

BLUE MOUNTAIN WOMEN'S CLINIC; JOHN ROE, M.D.; JANE DOE,
counselor; MONTANA DEPARTMENT OF PUBLIC HEALTH AND
HUMAN SERVICES; DIRECTOR of said Department of Public Health,
individually, and not in his official capacity; SIDNEY PRATT, M.D.,
Medical Director, Medical Advisory Unit, Montana Department of Public
Health, individually and not in his official capacity; FAMILY PLANNING
CENTER OF BUTTE-SILVER BOW UNIFIED GOVERNMENT; TERRI
DOE, R.N., and JAN D., R.N., employees of said Family Planning Center,

Defendants and Respondents.


APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert C. Kelleher, Sr. (argued), Attorney at Law, Butte, Montana

For Respondents:

Cynthia K. Smith (argued); Cederberg, Shott & Smith, P.C.;
Missoula, Montana (for Blue Mountain Clinic)

John P. Davis and Tina L. Morin (argued); Poore, Roth &
Robinson, P.C.; Butte, Montana (for Butte-Silver Bow County
Health Department and Jan Cossel, R.N.)

Thomas G. Bowe; Assistant Attorney General; Agency Legal
Services Bureau; Helena, Montana (for Department of Public
Health & Human Services and Sidney Pratt, M.D.)

For Amici Curiae:

Michael G. Eiselein (argued); Lynaugh, Fitzgerald & Eiselein;
Billings, Montana (for Montana Trial Lawyers Association)

Richard F. Cebull (argued) and Lisa A. Rodeghiero (argued);
Brown, Gerbase, Cebull, Fulton, Harman & Ross; Billings,
Montana (for Montana Defense Trial Lawyers Association)

Michael F. McMahon; Harrison, Loendorf, Poston & Duncan;
Helena, Montana (for Montana Medical Association)


Argued:          August 12, 1997

Submitted: November 13, 1997

Decided:   December 11, 1997
Filed:

_____
Clerk


Justice Jim Regnier delivered the Opinion of the Court.


In November 1995, plaintiff and appellant Amy Blackburn filed an action in the Second Judicial District Court, Silver Bow County, against the named defendants to recover damages she alleges in connection with an abortion she underwent at the Blue Mountain Clinic in Missoula on January 20, 1990.  Defendants subsequently moved to dismiss Blackburn's first amended complaint on the basis that each of Blackburn's claims is barred by the applicable statute of limitations, and that certain claims must fail as a matter of law.  In an order dated June 12, 1996, the court granted defendants' respective motions to dismiss.  It is from that order that Blackburn now appeals.  For the reasons discussed below, we affirm in part and reverse in part.

We find the following issues dispositive on appeal:

1.   Did the District Court err in concluding the applicable statute of limitations barred Blackburn's claims for negligence and medical malpractice?

2.   Did the District Court err in concluding the applicable statute of limitations barred Blackburn's claims for assault and battery?

3.   Did the District Court err in concluding that Blackburn's 42 U.S.C. õ 1983 civil rights claim is barred by the applicable statute of limitations and fails as a matter of law?

4.    Did the District Court err in dismissing Blackburn's claims brought on behalf of her aborted fetus?

FACTUAL BACKGROUND

Blackburn filed her original complaint in this matter on November 29, 1995.  On December 29, 1995, Blackburn filed her first amended complaint.  It is from Blackburn's amended complaint that this Court takes as true the following allegations of fact.

Blackburn became pregnant in 1989 and learned soon thereafter that the father was HIV positive.  Blackburn subsequently tested negative for HIV.   Jan Cossel is a registered nurse employed by the City and County of Butte-Silver Bow who administered Blackburn's HIV test.  In so doing, Cossel allegedly advised Blackburn that, despite her HIV negative status, she would die within a few years and that her baby had a 50 percent chance of being born HIV positive and would likely die within two years.  Cossel and another nurse allegedly urged Blackburn to have an abortion and made an appointment for her at the Blue Mountain Clinic in Missoula.

When Blackburn arrived at the Blue Mountain Clinic for her abortion, she informed a counselor at the clinic that she had tested negative for HIV, but that the father had tested positive.  The counselor told Blackburn that, prior to proceeding with the abortion, Blue Mountain would require written proof of Blackburn's HIV-negative status.  Cossel provided Blackburn with the requisite written statement, which Blackburn in turn gave to the clinic counselor.

Prior to the procedure, Blackburn told the Blue Mountain Clinic counselor that she was seeking an abortion only because she feared her baby would be born HIV positive.  Blackburn claims neither the counselor, nor any nurse or doctor with whom Blackburn spoke at any time prior to her abortion, explained to Blackburn that an HIV negative mother could not deliver an HIV positive baby.  In addition, Blackburn alleges, no one discussed with her any of the risks associated with the abortion procedure.

Accordingly, on January 20, 1990, Blackburn underwent an abortion at the Blue Mountain Clinic.  Blackburn was discharged from the clinic soon after the procedure, but she experienced continued bleeding and cramping in the days following.  Two days after the abortion, Blackburn called the Blue Mountain Clinic and spoke with the counselor who had advised her prior to the abortion and who now assured Blackburn her bleeding would stop and called in a prescription for her.  On January 24, 1990, Blackburn twice visited the emergency room at St. James Hospital in Butte with complaints of continued bleeding and cramping.  On January 25, 1990, Blackburn returned to the Blue Mountain Clinic and was examined by the same counselor, who advised Blackburn her condition was normal and provided her with another prescription.

Blackburn became depressed following the abortion and entered counseling in 1990.  In March 1990, Blackburn was hospitalized for more than two weeks due to an emotional condition which resulted from the abortion.  In 1993, Blackburn's counselor

referred her to Dr. Richard Moore, who determined she had been suffering from anxiety and depression and prescribed anti-depressants which Blackburn continues to take. Blackburn alleges that she is now dependent upon anti-depressants, and suffers from claustrophobia, agoraphobia, anxiety, and depression.

Blackburn first consulted with an attorney in March 1995, at which point she learned that an HIV negative mother cannot give birth to an HIV positive baby. Blackburn contends that it was not until she realized that her baby would not have been born with HIV that she first learned she had been legally injured and had a cause of action. Accordingly, on November 29, 1995, Blackburn filed suit in her own name, as well as on behalf of the unborn fetus, against the named defendants in this case. Blackburn's first amended complaint, filed on December 29, 1995, alleges claims for negligence, medical negligence, assault and battery, and civil rights violations against various defendants.

On December 19, 1995, Blue Mountain Clinic, Inc., incorrectly identified in Blackburn's complaint as the Blue Mountain Women's Clinic, filed a motion to dismiss the complaint in this case pursuant to Rule 12(b)(6), M.R.Civ.P. In her complaint, Blackburn uses the fictitious name of John Roe, M.D., to identify as an additional defendant the physician who performed the abortion, and the fictitious name of Jane Doe, to identify the counselor at the Blue Mountain Clinic with whom Blackburn had repeated contact. Blackburn has not further identified or served either of these fictitiously named defendants, instead apparently alleging the Blue Mountain Clinic is vicariously liable for their conduct pursuant to the theory of respondeat superior. Accordingly, Blue Mountain Clinic moved to dismiss Blackburn's complaint insofar as the allegations contained within it additionally pertained to the doctor and counselor.

On December 21, 1995, Butte-Silver Bow County Health Department (BSB Health Department), incorrectly identified in Blackburn's complaint as the Family Planning Center of Butte-Silver Bow Unified Government, and Cossel, incorrectly identified by the complaint as Jan D., filed a similar motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P. In her complaint, Blackburn also names as a defendant Terri Doe, R.N., the second nurse employed by the City and County of Butte-Silver Bow who allegedly advised Blackburn to obtain an abortion and helped make arrangements at the Blue Mountain Clinic in Missoula. Blackburn did not subsequently identify or serve Terri Doe, whose true identity remains unknown. As she does with respect to Blue Mountain, Blackburn apparently alleges vicarious liability on the part of the BSB Health Department for the conduct of its employees.

On December 22, 1995, Sidney Pratt, M.D., filed a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., and on December 28, 1995, the Department of Public Health and Human Services (DPHHS) filed a similar motion to dismiss. Blackburn also lists the apparently deceased director of DPHHS as a defendant, but does not identify him by name.

On December 29, 1995, Blackburn filed her first amended complaint. Defendants

Blue Mountain Clinic, DPHHS, Dr. Pratt, BSB Health Department, and Cossel similarly moved to dismiss Blackburn's amended complaint.  On June 12, 1996, the District Court issued an order granting defendants' respective motions to dismiss Blackburn's complaint
in its entirety.  It is from that order that Blackburn now appeals.

## DISCUSSION

We review de novo a district court's ruling on a motion to dismiss under Rule 12(b)(6), M.R.Civ.P.  Gerber v. Commissioner of Ins. of State of Montana (1990), 242 Mont. 369, 370, 786 P.2d 1199, 1200 (citing Koppen v. Board of Medical Examiners (1988), 233 Mont. 214, 217, 759 P.2d 173, 175).  This Court reviews an appeal from a district court's order granting a motion to dismiss based on the sufficiency of the complaint.  Busch v. Kammerer (1982), 200 Mont. 130, 132, 649 P.2d 1339, 1340 (citing Conley v. Gibson (1957), 355 U.S. 41, 45, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80,
84).

In Willson v. Taylor (1981), 194 Mont. 123, 634 P.2d 1180, we recognized that

[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint.  In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.

Willson, 194 Mont. at 126, 634 P.2d at 1182 (citations omitted).

Thus,  "[i]n reviewing a motion to dismiss, we construe the complaint in the light
most favorable to the plaintiff and take the allegations of the complaint as true." HKM
Associates v. Northwest Pipe Fittings, Inc. (1995), 272 Mont. 187, 191, 900 P.2d 302, 304-05 (quoting Goodman Realty, Inc. v. Monson (1994), 267 Mont. 228, 231, 883 P.2d 121, 123).

Pursuant to this standard of review, this Court will affirm the court's dismissal
only if we "determine that plaintiff is not entitled to relief under any set of facts which
could be proven in support of the claim." Grove v. Montana Army Nat'l Guard (1994), 264 Mont. 498, 501, 872 P.2d 791, 793, (citing King v. State (1993), 259 Mont. 393, 396, 856 P.2d 954, 955).

The District Court's determination that Blackburn's complaint failed to state a claim is a conclusion of law.  See Boreen v. Christensen (1994), 267 Mont. 405, 408, 884 P.2d 761, 762.  This Court's standard of review of a district court's conclusion of
law is whether the court's interpretation of the law is correct.  Boreen, 267 Mont. at 408,
884 P.2d at 762 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

## ISSUE 1

Did the District Court err in concluding the applicable statute of limitations barred
Blackburn's claims for negligence and medical malpractice?

In her amended complaint, Blackburn levels allegations of negligence and medical

negligence against various defendants. Blackburn contends the Blue Mountain Clinic, by virtue of physician John Roe's and counselor Jane Doe's conduct, negligently advised and treated Blackburn prior to, during, and after her abortion. Blackburn additionally alleges liability on the part of the BSB Health Department for the conduct of two of the registered nurses it employs. Specifically, Blackburn contends that Cossel and another nurse acted negligently when they urged Blackburn to seek an abortion and provided her with inaccurate medical information upon which she relied in making the decision to abort her fetus. Finally, Blackburn alleges Dr. Pratt and DPHHS were negligent in their failure to properly supervise the BSB Health Department.

In their respective motions to dismiss, defendants contend that each of Blackburn's claims for either general or medical negligence is barred by the applicable statute of limitations. The District Court agreed, and in its June 12, 1996, order held that Blackburn's claims for negligence and medical malpractice were barred by the applicable time limitations codified at õõ 27-2-204 and -205, MCA, respectively. We review the District Court's conclusion on this issue to determine whether it is a correct application of the law.

A. Accrual

Pursuant to õ 27-2-102(2), MCA, unless otherwise provided by statute, the period of limitation applicable to any given cause of action begins to run "when the claim or cause of action accrues." Section 27-2-102(1), MCA, explains accrual as follows:

> For the purposes of statutes relating to the time within which an action must be commenced:
>
> (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action;
>
> (b) an action is commenced when the complaint is filed.

Here, Blackburn argues that her cause of action did not accrue until her 1995 consultation with an attorney during which she finally learned that an HIV negative mother cannot give birth to an HIV positive baby. It was upon this revelation, Blackburn maintains, that she first learned she had been "legally injured" and had a cause of action. Alternatively, Blackburn argues her claim accrued no earlier than November 1993 when Dr. Moore first diagnosed her with severe depression and she discovered the extent of her damages.

Without exception, defendants argue that Blackburn's cause of action accrued, not in 1995 when she alleges she first became aware she had a cause of action, but by the time of her abortion on January 20, 1990. Defendants contend the elements of

Blackburn's claims for negligence and medical negligence were all present by that time,
and that her failure to understand the full extent of her damages until 1993 does not prevent her cause of action from accruing.

Blackburn alleges that the Blue Mountain Clinic and BSB Health Department defendants each had a duty to provide competent medical care, to impart accurate medical information regarding the transmission of HIV, and to inform her of the risks associated with abortion. Blackburn also alleges that Dr. Pratt and DPHHS had a duty to properly supervise the BSB Health Department defendants. Blackburn contends the defendants breached their respective duties, which in turn caused Blackburn emotional injury.

Section 27-2-102(2), MCA, expressly provides that "[l]ack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation." The elements constituting Blackburn's claims for negligence and medical malpractice were present at the time of her abortion in January 1990, or, at the latest, in March of that year when emotional problems stemming from the abortion led to Blackburn's hospitalization.

Blackburn argues the damages element of her negligence-based claims was not present in 1990, and that her cause of action accrued at the earliest in 1993 when Dr. Moore first diagnosed her with depression. This Court has previously held, however, that "it is not necessary to know the total extent of damages that an act causes to begin the running of the statute of limitations." See, e.g., E.W. v. D.C.H. (1988), 231 Mont. 481, 487, 754 P.2d 817, 820-21).

Blackburn's alleged damages, including the loss of her unborn fetus as well as ensuing emotional difficulties, were manifest at the time of the abortion procedure or shortly thereafter. Indeed, Blackburn sought counseling for her emotional difficulties, including depression, within weeks of the abortion. That a physician did not formally diagnose Blackburn with severe depression until 1993 is insufficient to prevent her negligence-based claims from accruing.

The District Court concluded that Blackburn's claims for negligence and medical negligence accrued on January 20, 1990. Having reviewed the record, we conclude that, pursuant to õ 27-2-102(1), MCA, the elements of Blackburn's claims for negligence and medical negligence were present at the time of her abortion in January 1990 or shortly thereafter, and her right to maintain an action on those claims was complete at that time.

B. Applicable Statute of Limitations

Having concluded that Blackburn's claims for negligence and medical negligence accrued by March 1990 at the latest, this Court must next identify the statute of limitations period applicable to each claim for negligence and medical negligence and determine whether the limitation period either expired or was properly tolled prior

to
commencement of the present action.

As noted above, Blackburn has leveled claims of either negligence or medical negligence against each defendant. Blackburn has put forth claims of negligence, to which the statute of limitations codified at õ 27-2-204, MCA, applies, against Blue Mountain Clinic, its counselor Jane Doe, as well as against Dr. Pratt and DPHHS. Blackburn has also asserted medical malpractice claims, to which õ 27-2-205, MCA, applies, against the Blue Mountain Clinic physician who performed the abortion, the Blue
Mountain Clinic, the BSB Health Department and the two nurses employed by the BSB Health Department.

We will address each of the above allegations of negligence and medical negligence
in turn.

1.   Medical Malpractice

The applicable period of limitations for medical negligence claims is codified at
õ 27-2-205, MCA, which provides that an:

(1) Action in tort or contract for injury or death against a physician or
surgeon, . . . registered nurse . . . or licensed medical professional
corporation, based upon alleged professional negligence or for rendering
professional services without consent or for an act, error, or omission, must
. . . be commenced within 3 years after the date of injury or within 3 years
after the plaintiff discovers or through the use of reasonable diligence
should have discovered the injury, whichever occurs last, but in no case
may an action be commenced after 5 years from the date of injury.
However, this time limitation is tolled for any period during which there
has been a failure to disclose any act, error, or omission upon which an
action is based and that is known to the defendant or through the use of
reasonable diligence subsequent to the act, error or omission would have
been known to the defendant.

By its terms, õ 27-2-205, MCA, prescribes a three-year period for commencement of a claim for medical negligence brought against, among others, physicians and registered nurses. Accordingly, õ 27-2-205, MCA, applies to several of the defendants
against whom Blackburn levels negligence-based claims. For example, this statute clearly
applies to her allegations of medical negligence on the part of the physician at the Blue
Mountain Clinic who performed the abortion procedure on January 20, 1990. The same section further applies to Blackburn's claims against Blue Mountain Clinic itself, insofar
as Blackburn seeks to hold the clinic vicariously liable for the conduct of its physician
employee.

Section 27-2-205, MCA, additionally applies to Blackburn's claims for medical negligence against registered nurses Cossel and Terri Doe. Finally, õ 27-2-205, MCA, applies to Blackburn's claims against the BSB Health Department to the extent she seeks
to hold the Department vicariously liable for the alleged professional negligence of two

registered nurses in its employment.

Conversely, as discussed infra, õ 27-2-205, MCA, does not govern Blackburn's claims of negligence against the fictitiously named Blue Mountain Clinic counselor Jane Doe, or her claims against the clinic itself insofar as Blackburn seeks to hold the clinic vicariously liable for the counselor's conduct.  Rather, the statute of limitations for negligence claims, codified at õ 27-2-204, MCA, and the tolling provisions contained in õ 27-2-102, MCA,  apply to each of these claims, as well as to Blackburn's allegations of negligence on the part of Dr. Pratt and DPHHS.

The District Court concluded that õ 27-2-205(1), MCA, precludes each of Blackburn's  claims for medical malpractice, although it did so without specifically addressing, as we do below, the question of whether the statute's second sentence may toll Montana's five-year medical malpractice statute of repose under certain circumstances.  Instead, the District Court simply found that the defendants did not attempt to conceal information from Blackburn, and that, pursuant to our reasoning in Major v. North Valley Hospital (1988), 233 Mont. 25, 30, 759 P.2d 153, 157, Blackburn has alleged no facts which would toll the statute of limitations in this case.

Pursuant to the first sentence of õ 27-2-205(1), MCA, Blackburn had three years from the date of her injury or from the date by which she discovered or, through the use of reasonable diligence, should have discovered her injury, within which to file suit for medical malpractice against Blue Mountain Clinic physician John Roe and BSB Health Department nurses Cossel and Terri Doe.  Should we conclude, however, that the statute's subsequent five-year statute of repose precludes Blackburn's claims for medical malpractice, we need not reach the question of whether the three-year statute of limitations was tolled.

The five-year statute of repose, which governs our present inquiry, provides that "in no case may an action be commenced after 5 years from the date of injury."  See Webb v. T.D., et. al. (1996), 275 Mont. 243, 247, 912 P.2d 202, 205 (characterizing the five-year period in õ 27-2-205(1), MCA, as a statute of repose).  As discussed above, we conclude that Blackburn's cause of action accrued, and her injury accordingly occurred, no later than March 1990.  However, Blackburn did not file the present action until November 1995, more than five and one-half years later.  Therefore, unless properly tolled, the five-year statute of repose provision contained in the first sentence of õ 27-2-205, MCA, bars Blackburn's present claims for medical malpractice.

In the absence of specific statutory language to the contrary, a statute of repose such as the one codified in õ 27-2-205(1), MCA, is not subject to tolling.  See First United Methodist Church of Hyattsville v. United States Gypsum Co. (4th Cir. 1989), 882 F.2d 862, 866, cert. denied (1990), 493 U.S. 1070, 110 S. Ct. 1113, 107 L. Ed. 2d

1020. We conclude that Montana's medical malpractice statute contains just such a statutory tolling provision. Specifically, the second sentence of õ 27-2-205, MCA, directly follows the language which establishes the five-year statute of repose and reads:

> However, this time limitation is tolled for any period during which there has been a failure to disclose any act, error, or omission upon which an action is based and that is known to the defendant, or through the use of reasonable diligence subsequent to the act, error, or omission would have been known to the defendant.

This Court will construe a statute in accordance with the plain meaning of its terms. State v. Martel (1995), 273 Mont. 143, 150, 902 P.2d 14, 17 (citing State v. Lilburn (1994), 265 Mont. 258, 266, 875 P.2d 1036, 1041, cert. denied (1995), 513 U.S. 1078, 115 S. Ct. 726, 130 L. Ed. 2d 630). The first sentence of õ 27-2-205(1), MCA, ends with the provision that "in no case may an action be commenced after 5 years from the date of injury," thereby creating a five-year statute of repose for medical malpractice actions. Basic statutory construction and a plain reading of the statute compel the conclusion that the subsequent phrase "this time limitation," refers to and modifies the immediately preceding five-year time limitation.

Further, to interpret the second sentence of õ 27-2-205, MCA, as anything other than a tolling provision applicable to the statute of repose immediately preceding it would be to effectively permit a health care provider who learns of a prior negligent act, error, or omission to conceal that information from a patient and obtain eventual immunity from suit. Accordingly, we hold that, pursuant to the specific terms of õ 27-2-205(1), MCA, a plaintiff must commence an action for medical malpractice no later than five years after the date of injury except where a health care provider fails "to disclose any act, error, or omission upon which an action is based and that is known to the defendant, or through the use of reasonable diligence subsequent to the act, error, or omission would have been known to the defendant."

Having determined that the second sentence of õ 27-2-205(1), MCA, may, under certain circumstances, toll the five-year statute of repose applicable in a medical malpractice action, this Court must next determine whether it did so in the instant case. Here, the five-year statute of repose may not preclude Blackburn's claims for malpractice in the event that the physician who performed the abortion and the two registered nurses who counseled Blackburn each failed "to disclose [an] act, error, or omission upon which" Blackburn's medical malpractice "action is based and that [was] known to the defendant or through the use of reasonable diligence subsequent to the act, error, or

omission would have been known the defendant."

Under different circumstances, we have previously recognized that the tolling provision contained in the second sentence of õ 27-2-205(1), MCA, essentially codifies the common law doctrine of fraudulent concealment. Major, 233 Mont. at 31, 759 P.2d at 157. In Major, we recognized that "[i]t is the cause of action which must be fraudulently concealed by failing to disclose the fact of injury from malpractice, by diverting the patient from discovering the malpractice that is the basis of the action." Major, 233 Mont. at 31, 759 P.2d at 157 (quoting Monroe v. Harper (1974), 164 Mont. 23, 28, 518 P.2d 788, 790). In both Major and Monroe, pursuant to the doctrine of fraudulent concealment, we required an affirmative act of diversion by the defendant, aimed at misleading or preventing inquiry by the patient, to toll the statute of limitations in a medical malpractice action. Monroe, 164 Mont. at 28, 518 P.2d at 790.

By its express terms, however, the second sentence of õ 27-2-205(1), MCA, tempers the doctrine of fraudulent concealment and states that a failure to disclose certain facts may be sufficient to toll the five-year statute of repose. Indeed, in Wisher v. Higgs (1993), 257 Mont. 132, 145, 849 P.2d 152, 160, we clarified that, pursuant to the specific terms of õ 27-2-205(1), MCA, simple "failure to disclose facts, as opposed to affirmative, fraudulent concealment, is sufficient to toll the statute." Therefore, both Major and Monroe are overruled insofar as they suggest that an affirmative act by the health care provider is required to trigger the tolling provision of õ 27-2-205(1), MCA.

We also note that in both Major and Monroe, as well as in Wisher, this Court inappropriately evaluated the tolling provision contained in the second sentence of õ 27-2-205(1), MCA, in discussions regarding the statute of limitations in medical malpractice cases. Having held in the present case that the second sentence of õ 27-2-205(1), MCA, applies exclusively to toll the five-year statute of repose under certain limited circumstances, we additionally overrule Major, Monroe, and Wisher, to the extent they suggest that the statutory provision may apply to toll the statute of limitations in medical malpractice cases.

Pursuant to the specific terms of the statute, we hold that a failure to disclose facts may toll the five-year statute of repose, but only where that failure to disclose is an act separate from the alleged act of malpractice upon which the claim for professional negligence rests. In other words, by its terms, the statute's tolling provision applies where a health care worker learns, or through the use of reasonable diligence would have learned, that he or she committed an error but subsequently conceals or fails to disclose that error to the patient.

Here, Blackburn alleges medical malpractice on the part of the Blue Mountain Clinic physician who performed the abortion, as well as on the part of the two BSB Health Department nurses who counseled and treated her prior to her abortion. The central allegation upon which Blackburn bases her claims for medical malpractice is that each of these defendants failed to disclose to her the fact that, because she was not HIV positive, she could not deliver an HIV positive baby. Blackburn also alleges professional negligence on the part of these three defendants for their alleged failure to inform her of the risks associated with the abortion procedure. Thus, Blackburn alleges medical malpractice based on defendants' alleged failure to disclose accurate medical information.

Blackburn does not, however, allege any separate failure to disclose as required by the medical malpractice statute's tolling provision. Rather, the failure to disclose accurate medical information which Blackburn alleges constitutes the very act of medical malpractice for which she seeks to recover. Blackburn simply alleges no act, affirmative or otherwise, separate from the alleged act of malpractice. Blackburn does not allege that defendants ever learned of, or through the use of reasonable diligence would have learned of, their alleged failure to disclose accurate medical information or that they subsequently concealed or failed to disclose that information to Blackburn.

Accordingly, we conclude that the tolling provision contained in õ 27-2-205(1), MCA, does not delay the expiration of the five-year statute of repose in this case, and that Blackburn's claims for medical malpractice are barred. Having held that the five-year statute of repose bars Blackburn's claims for medical malpractice, we do not reach the question of whether the three-year statute of limitation was tolled.

Based on the foregoing, we hold the District Court correctly concluded that õ 27-2-205(1), MCA, precludes Blackburn's claims for medical malpractice and affirm their dismissal by the District Court. Specifically, we conclude that the five-year statute of repose bars Blackburn's medical malpractice claims against the fictitiously named physician, John Roe, and the Blue Mountain Clinic, insofar as Blackburn seeks to hold the clinic vicariously liable for the physician's conduct. We further conclude that the statute of repose additionally bars Blackburn's medical malpractice claims against registered nurses Cossel and Terri Doe, as well as against the BSB Health Department to the extent that Blackburn seeks to hold it responsible for the actions of its registered nurse employees.

2. Negligence

Blackburn brings a number of negligence-based claims which do not fall within the

parameters of Montana's medical malpractice statute, but are instead governed by the statute of limitations for negligence claims, codified at § 27-2-204, MCA, and the tolling provisions contained in § 27-2-102(3), MCA. Specifically, Blackburn brings claims of negligence against the Blue Mountain Clinic and its counselor, Jane Doe, as well as against Dr. Pratt and DPHHS.

Blackburn alleges that Jane Doe, the Blue Mountain Clinic counselor with whom Blackburn had repeated contact both prior to and following her abortion, failed to provide Blackburn with sufficient information upon which she could base her decision to have an abortion, and treated her negligently in the days following the procedure. Blackburn also alleges negligence on the part of Blue Mountain Clinic, and seeks to recover damages pursuant to the theory of respondeat superior. Finally, Blackburn levels claims of negligence against DPHHS and its medical director, Dr. Sidney Pratt, apparently contending they negligently supervised the BSB Health Department in a number of respects.

Section 27-2-204, MCA, provides the applicable period of limitations for tort actions, including claims for negligence such as the ones presented here. See, e.g., Sorenson v. Massey-Ferguson, Inc. (1996), 279 Mont. 527, 529, 927 P.2d 1030, 1031. Section 27-2-204(1), MCA, provides that "[t]he period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." Here, we have determined that the requisite elements of Blackburn's claims for negligence were present by March 1990 and that her claims accrued at that time. However, Blackburn did not commence this action, by way of filing her complaint, until November 29, 1995, more than five and one-half years after her cause of action accrued.

Blackburn argues that, even if her claim accrued earlier, pursuant to the discovery doctrine, the statute of limitations did not begin to run until 1995 when she first consulted an attorney and learned she had received erroneous medical information prior to her abortion. Alternatively, Blackburn maintains the statute of limitations began to run, at the earliest, in 1993 when Dr. Moore diagnosed her with depression and she thus discovered the facts constituting her claim.

Section 27-2-102(3), MCA, codifies the discovery doctrine applicable to general negligence cases pursuant to which

> [t]he period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if:
>     (a) the facts constituting the claim are by their nature concealed or self-concealing; or
>     (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.

In apparent reliance upon õ 27-2-102(3)(b), MCA, but without specifically analyzing õ 27-2-102(3)(a), MCA, the District Court concluded that, as the record contained no evidence that the defendants affirmatively acted to conceal the facts constituting Blackburn's claim from her, the statute of limitations barred Blackburn's claims for negligence. Having reviewed the record, and for the reasons stated below, we hold the trial court correctly concluded the statute of limitations bars Blackburn's negligence claims against Dr. Pratt and DPHHS, but erred in concluding that statute similarly precludes her claims against the Blue Mountain Clinic and its counselor.

a.    Blue Mountain Clinic and Counselor Jane Doe

Blackburn alleges negligence on the part of the Blue Mountain Clinic, by way of inadequate treatment she allegedly received from clinic counselor Jane Doe, in a number of respects. As she does with respect to several of the defendants in this case, Blackburn primarily contends the counselor failed to inform Blackburn that, because she was HIV negative her baby would not be born HIV positive, and, therefore, that an abortion was unnecessary. Blackburn additionally alleges the counselor failed to inform her of the risks associated with the abortion procedure, and provided her with substandard care in the days following the abortion.

As noted above, õ 27-2-102(3)(a), MCA, may toll the statute of limitations in a negligence case where the facts constituting the claim are self-concealing, thereby preventing their discovery by the plaintiff. We have previously addressed the nature of self-concealing injuries in the context of medical malpractice claims. See Grey v. Silver Bow County (1967), 149 Mont. 213, 217, 425 P.2d 819, 821 (infection introduced during surgery due to hospital's failure to use proper sterile techniques considered a self-concealing injury); Johnson v. St. Patrick's Hosp. (1966), 148 Mont. 125, 417 P.2d 469, aff'd after remand (1968), 152 Mont. 300, 448 P.2d 729.

In 1987, the Montana Legislature amended õ 27-2-102, MCA, to address the unique problems presented by self-concealing injuries. See õ 27-2-102(3), MCA. In so doing, the Legislature specifically exempted application of õ 27-2-102(3), MCA, to medical malpractice actions which are instead governed by the limitations period and tolling provisions codified at õ 27-2-205, MCA. In order to properly calculate a particular statute of limitations period, it is necessary to determine the date that the period of limitations begins to run. In such circumstances, õ 27-2-102(3)(a), MCA, protects plaintiffs against the harsh results of having their claim barred before they even know it exists. Our precise inquiry at this juncture, then, is whether Blackburnþs injury is of a self-concealing nature, thereby bringing her claim for negligence within the protection afforded by õ 27-2-102(3)(a), MCA.

Here, the negligent act alleged by Blackburn is the withholding of accurate medical
information by the Blue Mountain Clinic counselor. It is this alleged withholding of
information which forms the basis for Blackburn's negligence claim. Nondisclosure of
information is, by its nature, self-concealing. We conclude that the alleged facts upon
which Blackburn's claim for negligence against the Blue Mountain Clinic counselor rests
were, by their nature, self-concealing. So too, then, was the very nature of Blackburn's
injury self-concealing. Blackburn could not have discovered she underwent an
unnecessary abortion until she learned the counselor had withheld from her accurate
medical information which Blackburn needed in order to make an informed decision
regarding whether to obtain an abortion.

In any event, Blue Mountain Clinic argues Blackburn failed to exercise due
diligence in discovering her claim as required by the tolling provision at õ 27-2-102(3),
MCA. Under the facts alleged, however, we are unable to reach such a conclusion.
After her abortion, Blackburn sought no additional advice regarding the risks of abortion
or the transmission of HIV. Blackburn had no reason to suspect that the Blue Mountain
Clinic counselor had provided her with inaccurate information.

Under the facts as alleged by Blackburn, a trier of fact might find circumstances
which warrant tolling the three-year negligence statute of limitations until the date by
which it determines Blackburn, through due diligence, should have discovered that
information withheld by the Blue Mountain Clinic counselor caused her to undergo an
unnecessary abortion. As we note above, "[a] complaint should not be dismissed for
failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set
of facts in support of [her] claim which would entitle [her] to relief." Willson, 194 Mont.
at 126, 634 P.2d at 1182. Here, it is conceivable that Blackburn could prove a set of
facts which would warrant tolling the statute of limitations, and which would support a
claim of negligence against the Blue Mountain Clinic counselor for her alleged failure to
disclose the risks of abortion and the truth about HIV transmission.

Based on the foregoing, we conclude the facts constituting select portions of
Blackburn's claims for negligence against the counselor, and therefore against Blue
Mountain Clinic itself, were self-concealing as contemplated by the tolling provision of
õ 27-2-102(3), MCA. We hold that the facts constituting Blackburn's claims of
negligence were self-concealing to the extent that Blackburn alleges clinic counselor Jane
Doe failed to disclose the risks of abortion and failed to reveal the truth about the
transmission of HIV. Whether Blackburn may be able to demonstrate she exercised due
diligence sufficient to trigger the tolling provision of õ 27-2-102(3), MCA, cannot yet be

determined.

We additionally conclude that Blackburn's allegations that the clinic counselor provided her with substandard care in the days following the abortion are not of a self-concealing nature, and that the tolling provision of õ 27-2-102(3), MCA, does not apply to these claims.

Accordingly, we hold the District Court erred in concluding that, as a matter of law, õ 27-2-204(1), MCA, precludes Blackburn's claims of negligence, based on the withholding of accurate medical information, against the Blue Mountain Clinic and its counselor. However, we hold the District Court properly concluded that õ 27-2-204(1), MCA, precludes her claims of negligence based on allegedly substandard care she received following the abortion.

b. Dr. Pratt and DPHHS

Blackburn generally alleges negligence on the part of DPHHS and its medical director, Dr. Sidney Pratt. Blackburn apparently contends that Dr. Pratt and DPHHS negligently supervised the BSB Health Department. As Blackburn makes no allegations of medical negligence, or medical malpractice, against Dr. Pratt, the three-year limitations period codified in õ 27-2-204(1), MCA, and the discovery doctrine appearing at õ 27-2-102(3), MCA, govern her claims both against DPHHS as well as against Dr. Pratt.

As it did with respect to Blackburn's negligence claims brought against the remaining defendants, the District Court concluded the applicable three-year statute of limitations precluded Blackburn's claims for negligence against Dr. Pratt and DPHHS. See õ 27-2-204(1), MCA. Having reviewed the record, we affirm this determination by the District Court.

As noted above, although Blackburn's claims accrued by March 1990, she did not commence the present negligence action until November 1995, well beyond the applicable three-year statutory limitations period. Thus, we must determine whether the discovery doctrine, codified at õ 27-2-102(3), MCA, tolls the limitations period with respect to Blackburn's claims for negligence against Dr. Pratt and DPHHS.

Having reviewed the record, we conclude the District Court properly concluded that, pursuant to õ 27-2-102(3)(b), MCA, neither Dr. Pratt nor DPHHS in any way concealed information regarding Blackburn's claim from her. Although the District Court did not specifically do so, we evaluate õ 27-2-102(3)(a), MCA, and further conclude that the facts constituting her claims against Dr. Pratt and DPHHS were not, by their nature, self-concealing. Accordingly, neither of the conditions necessary to trigger application of the discovery doctrine and subsequent tolling of the statute of limitations is satisfied with respect to Blackburn's negligence claims against Dr. Pratt and DPHHS. Based on the foregoing, we hold the District Court properly concluded the statute of limitations

precludes Blackburn's negligence claims against Dr. Pratt and DPHHS.

ISSUE 2

Did the District Court err in concluding the applicable statute of limitations barred
Blackburn's claims for assault and battery?

In addition to allegations of negligence and medical negligence, Blackburn brings
claims for assault and battery against various defendants.  Specifically, Blackburn
contends she did not give her informed consent to the abortion procedure because no one
advised her that an HIV negative mother could not deliver an HIV positive baby and no
one explained any of the risks associated with an abortion.  Blackburn maintains that,
because she did not consent to the abortion, defendants committed an assault and battery
against her person.  Accordingly, Blackburn has leveled a claim for assault and battery
against the Blue Mountain Clinic physician who performed the abortion, the counselor
employed by the clinic, and the Blue Mountain Clinic itself.  Blackburn also alleges
assault and battery by registered nurses Cossel and Terri Doe, and their employer, the
BSB Health Department.

Pursuant to õ 27-2-204(3), MCA, a two-year statute of limitations governs claims
for assault and battery.  The elements constituting Blackburn's claim for assault and
battery were present at the time of her January 20, 1990, abortion, so her claim therefore
accrued, and the limitation period began to run, at that time.  See õ 27-2-102(1) and (2),
MCA.  Blackburn did not commence her present action until November 1995, well
beyond the permissible two-year limitation period.

Further, we conclude that neither of the tolling provisions contained in õ 27-2-
102(3), MCA, apply to delay the running of the two-year period in this case.  The facts
constituting Blackburn's claim for assault and battery, an intentional tort, were not self-
concealing as contemplated by õ 27-2-102(3)(a), MCA.  Further, we conclude defendants
took no action to prevent Blackburn from discovering her alleged injury or its cause.
Section 27-2-102(3)(b), MCA.  Accordingly, we hold the District Court correctly
concluded the applicable two-year statute of limitations bars plaintiffs claims for assault
and battery.

ISSUE 3

Did the District Court err in concluding that Blackburn's 42 U.S.C. õ 1983 civil
rights claim is barred by the applicable statute of limitations and fails as a
matter of law?

By way of her amended complaint, Blackburn alleges defendants violated her civil
rights pursuant to 42 U.S.C. õ 1983, by failing to disclose to her the risks associated with
an abortion and by failing to inform her that an HIV negative mother could not give birth
to an HIV positive infant.  Blackburn also generally alleges that defendants

violated her
Fourteenth Amendment rights.

In response, defendants maintain that Blackburn's õ 1983 civil rights claims are barred by the applicable statute of limitations. Alternatively, defendants argue Blackburn has failed to state a claim for relief pursuant to 42 U.S.C. õ 1983 and her claims must fail as a matter of law.

A.    Statute of Limitations

Defendants argue that the statute of limitations precludes Blackburn's õ 1983 claims. The District Court agreed, concluding that, because the applicable statutes of limitation bar Blackburn's claims for medical malpractice, negligence, and assault and battery, so too do they preclude her õ 1983 claims.

The limitation period applicable to a õ 1983 action is the statute of limitation for personal injury actions in the state in which the claim accrues. Owens v. U.U. Okure (1989), 488 U.S. 235, 250, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594, 606; Wilson v. Garcia (1985), 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254, 266. State law additionally governs questions of tolling. Wilson, 471 U.S. at 268; see also Vaughan v. Grijalva (9th Cir. 1993), 927 F.2d 476, 478.

Thus, in the instant case, Montana's three-year statute of limitation governing personal injury actions, codified at õ 27-2-204(1), MCA, applies to Blackburn's civil rights claims. As we have discussed above, with the exception of certain allegations against Blue Mountain Clinic and its counselor Jane Doe, all of Blackburn's claims for medical malpractice, negligence, and assault and battery are precluded by the periods of limitation codified at õõ 27-2-205, -204(1), and -204(3), MCA.

Blackburn's civil rights claims essentially rest upon the same facts which comprise her various claims for medical malpractice, negligence, and assault and battery. Just as Montana's statute of limitations bars the majority of these claims, so too does it bar most of her õ 1983 claims.

Accordingly, with respect to all defendants except the Blue Mountain Clinic and its counselor Jane Doe, we hold the District Court correctly concluded that Blackburn cannot assert any set of facts which state a claim for which relief may be granted pursuant to 42 U.S.C. õ 1983, and her civil rights claims are precluded by the statute of limitations.

B.    Failure to State a Claim

Each defendant alternatively argues that Blackburn has failed to state a claim for which relief may be granted, and that her õ 1983 claims must therefore fail as a matter of law. Having concluded that Blackburn's õ 1983 claims are precluded by the statute of limitations, however, we need only address this alternative argument as it

applies to
the Blue Mountain Clinic and its counselor.

Section 1983 provides in pertinent part that:

[E]very person who, under color of any state [law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. õ 1983.

Therefore, to state a claim pursuant to 42 U.S.C. õ 1983, a plaintiff must allege the presence of, as well as the deprivation of, a federally protected right, privilege, or immunity. A plaintiff must additionally allege the defendant caused the deprivation of that right, privilege, or immunity, and in so doing acted under color of state law. See, e.g., Lugar v. Edmonson Oil Co. (1982), 457 U.S. 922, 931, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482, 491; Parratt v. Taylor (1981), 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420, 428, overruled on other grounds, Daniels v. Williams (1986), 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662; Gomez v. Toledo (1980), 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572, 577.

Blue Mountain Clinic argues that Blackburn has failed to properly state a claim for relief against it pursuant to 42 U.S.C. õ 1983. In particular, Blue Mountain contends Blackburn has failed to allege the presence of a federally protected right, and has failed to allege facts which might demonstrate that Blue Mountain Clinic acted under color of state law. Consequently, Blue Mountain argues, Blackburn's civil rights claims must fail as a matter of law.

1.   Federally Protected Right

To properly state a claim for relief pursuant to 42 U.S.C. õ 1983, Blackburn must allege, among other items, the presence of a federally protected right. Although õ 1983 provides a remedy for violations of federal rights, it does not in itself create or provide a party with substantive rights. See, e.g., Albright v. Oliver (1994), 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L. Ed. 2d 114, 122, rehearing denied by 520 U.S. 1215, 114 S. Ct. 1340, 127 L. Ed. 2d 688.

In her amended complaint, Blackburn frequently refers to and alleges various violations of Title X of the Public Health Service Act. For example, Blackburn alleges that defendants inappropriately used federal funds in violation of 42 U.S.C. õ 300a-6 which provides in pertinent part that "[n]one of the funds appropriated under this subchapter shall be used in programs where abortion is a method of family planning."

We conclude, as did the District Court below, that those provisions of Title X of the Public Health Service Act upon which Blackburn relies do not confer upon her the substantive rights she claims. Accordingly, we hold Blackburn has failed to allege a violation of her substantive rights as necessary in an action pursuant to 42 U.S.C. õ 1983.

2. Under Color of State Law

To properly state a claim for relief pursuant to 42 U.S.C. õ 1983, Blackburn must additionally allege that any deprivation of a federal right was proximately caused by a defendant who was exercising "some right or privilege created by the State, by a rule of conduct imposed by the State, or by a person for whom the State is responsible." Lugar, 457 U.S. at 937. Blackburn must allege facts to demonstrate Blue Mountain Clinic was a "state actor."

Review of the record indicates Blackburn has failed to do so. She alleges no facts that would sufficiently show Blue Mountain Clinic, or its employees, were state actors, acted under color of state law, or acted in concert with state officials in counseling and treating her.

C. DPHHS

Further, although we need not do so in light of our determination that Blackburn's õ 1983 claim against DPHHS is barred by the statute of limitation, we additionally note that, in any event, she has failed to state a claim for which relief may be granted as against DPHHS. Pursuant to the explicit terms of õ 1983, a plaintiff may only bring a õ 1983 claim against a "person." In Will v. Michigan Dep't of State Police (1989), 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45, 58, the United States Supreme Court held that neither a state nor a state agency is a person within the meaning of õ 1983. DPHHS is a state agency, and Blackburn's claim against it therefore fails as a matter of law.

Based on the foregoing, we hold the District Court correctly concluded that Blackburn failed to allege a violation of her substantive rights and that each of her õ 1983 claims, including those against Blue Mountain Clinic and its counselor, must fail as a matter of law. Based on the foregoing, we conclude that, as a matter of law, Blackburn has not stated a claim for which relief may be granted pursuant to 42 U.S.C. õ 1983, and we affirm the District Court's order dismissing each and every one of her civil rights claims.

ISSUE 4

Did the District Court err in dismissing Blackburn's claims brought on behalf of her aborted fetus?

Blackburn filed the present action, not only on her own behalf, but also as the "Personal Representative of the Estate of Baby Boy Doe, Deceased."  As such, Blackburn seeks to bring a number of claims on behalf of her unborn fetus against defendants.

A.    42 U.S.C. õ 1983

Blackburn contends defendants violated the civil rights of her unborn fetus, and accordingly attempts to allege a claim on behalf of her fetus pursuant to 42 U.S.C. õ 1983.  Blackburn's fetus, however, is not a "person" on whose behalf a civil rights action may be commenced pursuant to 42 U.S.C. õ 1983 for deprivation of rights.  Reed v. Gardner (7th Cir. 1993), 986 F.2d 1122, 1127-28, cert. denied (1993), 510 U.S. 947, 114 S. Ct. 389, 126 L. Ed. 2d 337; McGarvery v. Magee-Women's Hospital (D. Pa. 1972), 340 F. Supp. 751, 754, aff'd by (3rd. Cir. 1973), 474 F.2d 1339.  Blackburn's õ 1983 claim brought on behalf of the fetus thus fails as a matter of law.

B.    State Law Claims

Each state law claim which Blackburn alleges on her own behalf, she additionally alleges on the behalf of her unborn fetus.  This Court has recognized a claim of wrongful death for a stillborn fetus, and held that a full-term fetus may be considered a person for the purpose of Montana's wrongful death statute.  Strzelczyk v. Jett (1994), 264 Mont. 153, 158, 870 P.2d 730, 733.

However, we limited our holding in Strzelczyk to the facts of that case, recognizing only a full-term, stillborn fetus as a person.  Unlike Strzelczyk, the instant case involves an attempt by Blackburn to bring an action on behalf of a first-trimester, non-viable fetus. Under Montana law, Blackburn may not maintain an action for the death of a non-viable fetus.  Kuhnke v. Fisher (1984), 210 Mont. 114, 120, 683 P.2d 916, 919.

Based on the foregoing, we hold the District Court correctly concluded that Montana does not recognize a cause of action for a first-trimester, non-viable fetus, and properly dismissed Blackburn's claims brought on its behalf.

/S/  JIM REGNIER

We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART

Justice James C. Nelson concurs in part and dissents in part.

I concur with the analysis and in everything stated in the Court's opinion

except
as to that part of the discussion of Issue 1 wherein we hold that in order to toll the five-year statute of repose, the failure to disclose must be an act separate from the alleged act of malpractice upon which the claim for professional negligence is based.  In my opinion, the plain, unambiguous language of õ 27-2-205(1), MCA, does not contain that sort of restriction.  Moreover, I conclude that, in judicially imposing this construction on the statute, we have  deprived a whole class of medical-malpractice plaintiffs of the protection of the tolling provisions that the legislature enacted.

I begin my analysis with those well-established, oft-cited rules of statutory construction that have become axiomatic:

> In interpreting a statute, we look first to the plain meaning of the words it contains. [Citation omitted].  Where the language is clear and unambiguous, the statute speaks for itself and we will not resort to other means of interpretation. [Citation omitted.]  "In the search for plain meaning, 'the language used must be reasonably and logically interpreted giving words their usual and ordinary meaning.'" [Citation omitted.]

Werre v. David (1996), 275 Mont. 376, 385, 913 P.2d 625, 631.  Moreover,

> [i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.  Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

Section 1-2-101, MCA.

We have properly concluded that the five-year statute of repose in õ 27-2-205(1), MCA, is tolled by language in the statute itself

> for any period during which there has been a failure to disclose any act, error, or omission upon which an action is based and that is known to the defendant or through the use of reasonable diligence subsequent to the act, error, or omission would have been known to the defendant.

Contrary to the majority opinion, however, a reading of the plain language of this tolling provision reveals no requirement whatsoever that the failure to disclose be an act separate from the malpractice itself.  The elements of the statute-of-repose tolling provision are simple and straightforward. There must be:

(a) a failure to disclose any act, error, or omission
(b) upon which an action is based and
(c) that is known to the defendant or
(d) through the use of reasonable diligence subsequent to the act, error or omission
would have been known to the defendant.

Moreover, under the statutory language, tolling takes place "for any period during which
there has been a failure to disclose." Section 27-2-205(1), MCA (emphasis added).
Obviously, þany periodþ would include a failure to disclose either coincidental with or
subsequent to the malpractice and, where the failure to disclose is the malpractice, then
logically the failure to disclose cannot be an act separate from the malpractice itself.

The majority can point to no statutory language that supports the interpretation that
it has placed on the subject language.  Rather, it has impermissibly failed to  look first
to the plain meaning of the words the statute contains and then  reasonably and logically
interpret the statutory language giving words their usual and ordinary meaning.  The
majority has improperly inserted that which the statute does not require--an element that
the failure to disclose be a separate act.

The mischief in the Court's interpretation of the statute cannot be fully appreciated
until one understands that, under this construction, a whole class of medical-malpractice
plaintiffs has now been deprived of the protection of the tolling provisions of the statute
of repose that the legislature enacted. In those cases where the failure to disclose is the
malpractice--for example, in those cases where the injured plaintiff did not give informed
consent to the offending treatment because the health-care provider negligently failed to
disclose the risks attendant to the procedure--there can now be no tolling of the statute
of repose because the malpractice and the failure to disclose are not separate acts; rather,
they are one and the same act, error or omission.

To illustrate, assume the health-care provider fails to disclose a particular known
risk attendant to a surgical procedure and, knowing that he has not properly advised the
patient of this risk, he obtains consent for the procedure nonetheless. Five years and one
day following the procedure the latent effects attendant to the risk manifest themselves
in injury to the patient.  Assume further that the health-care provider made no mention
of his negligent failure to disclose the risk to the patient during the five years following
his pre-surgery consultation. Under our decision, the patient is barred from filing a
malpractice claim based upon lack of informed consent, notwithstanding the health-care

provider's failure to disclose, because, under our decision here, the failure to disclose is the malpractice and is not an act, error or omission separate from the malpractice.

If the purpose of the "failure to disclose" provision in the tolling of the statute of repose is to protect the public from dishonest health-care providers and to encourage negligent health-care providers to disclose their malpractice so that injured patients might be able to timely seek corrective medical treatment and avoid further or prolonged injury, then we have effectively denied these remedial aspects of the statute to this whole class of informed-consent plaintiffs. Importantly, we have also deprived plaintiff Blackburn of the tolling protection that the statute was enacted to provide.

I would hold that Blackburn's medical malpractice claims which are premised in her allegation that her health-care providers failed to disclose to her that, being HIV negative, she could not give birth to an HIV-positive baby, are not barred by the five-year statute of repose. Rather, liability under this theory presents factual questions that should be resolved by the jury.

I dissent.

/S/   JAMES C. NELSON


Justices Terry N. Trieweiler and William E. Hunt, Sr., concur in the foregoing dissent and concurrence.

/S/   TERRY N. TRIEWEILER
/S/   WILLIAM E. HUNT, SR.