JUSTICE RICE,
dissenting.
¶30 I dissent to the Court’s holding under Issues I and II.
¶31 Under Issue I, the Court holds that Appellants waived their right to challenge the District Court’s special verdict form because they withdrew their objection to the court’s ruling on estate and contract issues and failed to adequately object when the District Court presented its form. However, I believe the Court applies waiver too broadly.
¶32 We have held that “where no objection is raised to the special verdict form before its submission to the jury, the Court will not review the sufficiency of the form for the first time on appeal.” Wisher v. Higgs, 257 Mont. 132, 143, 849 P.2d 152, 158 (1993), overruled on other grounds, Blackburn v. Blue Mt. Women’s Clinic, 286 Mont. 60, 951 P.2d 1 (1997) (citation omitted). In Weinberg v. Farmers State Bank, 231 Mont. 10, 19, 752 P.2d 719, 724 (1988), we explained that where “the issue of propriety of the special verdict [is] not raised by objection at the time of its presentation to counsel,” then the issue is waived. Here, a specific objection to the verdict form was raised. Considering this law and the circumstances here, I believe Appellants’ objection *393 was adequate to preserve the issue for appeal.
¶33 The District Court prepared the special verdict form after denying Appellants’ motion for directed verdict. Although Appellants withdrew their objection to the court’s dismissal of the estate theory claims, they continued to object to the form of the court’s special verdict for purposes of the gift theory which remained. As Appellants’ counsel stated at that time, “the tools should be-not be part of the verdict but it should only be the truck that would be an issue as to whether or not it was a gift.” The District Court thereafter noted the objection “to the verdict form and the instruction on gift.”
¶34 This was all which was necessary at that point, because David had already admitted that he owned only a proportional amount of the tools housed in the back of the U-Haul, not all of them. Nonetheless, the District Court lumped all of the tools together with the truck under the gift issue. Indeed, both parties objected to this on the ground that it was unfair for the District Court to combine ownership of the truck and tools into one jury question. In acquiescing to the court’s removal of the estate and contract issues generally, Appellants did not waive their specific objection to the District Court’s handling of the gift issue. That objection was preserved for appeal, and I believe the verdict form was clearly flawed in lumping all of the property together into one question. The jury was thus prevented from deciding the case in accordance with the uncontested evidence, admitted by David, that he did not own all of the tools.
¶35 Under Issue II, I believe the District Court erred by not granting the Appellants’ motion for judgment as a matter of law concerning Joann. The Court concludes that there was “more than enough evidence in the record to justify submitting the issue of the truck’s ownership to the jury.”
¶36 However, the evidence cited by the Court, including the police report and Joann’s statement, offers no assertion by Joann that she owned the property herself; she was merely reporting that it was taken from her property. Without more, this evidence does not support the conclusion that Joann exercised ownership over the U-Haul. Joann’s pressing of trespassing charges against David occurred because David had trespassed on her property-not because David took the truck. Thus, the court should have concluded that any authority Joann exercised over the truck was minimal, was due to the fact that it was housed on her property by Dick, and did not make out a prima facie claim.
¶37 I would reverse.