369 P.2d 933

**Richard P. SMOOT and Barbara M. Smoot,
Plaintiffs and Appellants,**

**v.**

**Howard L. LUND and Gwen C. Lund,
Defendants and Respondents.**

No. 9515.

Supreme Court of Utah.

March 14, 1962.

McBroom & Hyde, Salt Lake City, for appellants.

Cranmer, McGarry & Lund, Raymond W. Gee, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs appeal from a summary judgment dismissing a second cause of action alleged in their complaint. The dismissal was upon the ground that the defendants fully discharged the obligation due on the note which is the main foundation of said cause of action by tendering into court the sum of $15,347.50, the amount of principal and interest due thereon.

Plaintiffs allege: that the defendant Howard L. Lund was their attorney, and that after some solicitations by the latter, the plaintiffs agreed to loan him $36,000 to aid in financing a real estate subdivision venture; that plaintiffs were to receive one lot as an $8,500 payment on the debt; and as security for the balance, were to have a lien on certain property in Salt Lake City and a trust deed to other property in Santa Clara County, California; and that if "the property pledged as security for the funds" advanced to plaintiffs sold for more than $12,500, they were to share equally in the excess.

Plaintiffs further allege: that the defendant Howard Lund, acting as their attorney, perpetrated a fraud upon them in these particulars: that he designedly prepared the document so that it was not recordable to give the plaintiffs a lien on the Salt Lake property; and likewise, procured plaintiffs not to record the California trust deed by advising them that it was not necessary to

do so; and that consequently the defendants conveyed the California property away, depriving the plaintiffs of their security; that they relied on defendant as their attorney to prepare the contract and that the latter negligently failed to include a provision for attorney's fees; wherefore, they seek to share in the profits, a reasonable attorney's fee, and punitive damages for all such alleged wrongful conduct.

In connection with the filing of the action the plaintiffs attached assets of the defendants. When the defendants tendered into court the amount due on the note and moved for summary judgment on the ground that the obligation was thus discharged, the court granted the motion.

Plaintiffs appeal insisting that they are entitled to pursue other claims asserted in connection with the transaction: to prove that the defendant was guilty of fraud; to reform the contract to allow them to share in an excess sale price; and to recover attorney's fees and punitive damages. Opposing this, the defendants argue that the plaintiffs, by grounding their action on contract and employing the remedy of attachment, which is permitted therewith, must be deemed to have elected their remedy as in contract and to have abandoned the tort aspects of the case dealing with fraud.

We are not unaware of authorities cited by defendants which have held that a plaintiff may not proceed both in contract and in tort; and that by choosing one he must be deemed to have abandoned the other, which give various reasons justifying such rulings:[1] the necessity for regularity of procedure requiring an identified theory upon which the action proceeds so the issues may be clearly defined and the defendant can know what he must meet; and that it is unfair to permit one to pursue remedies which may be inconsistent and thus have several bites at the apple. But we need not here concern ourselves with the justification or the merit of such a rule.

The solution to the problem is found in the fact that our Rules of Civil Procedure make it plain that such is not the law of this state. They show a clear purpose to eliminate rigidity of rules and technical objections as to the form or nomenclature of claims for relief.

Rule 18(a) provides that a party may "join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party."

This is so even where the claims might be deemed inconsistent.

Rule 8(e) (2) states that, "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

1. See Am.Jur., Election of Remedies, p. 164.

Under our liberalized rules of pleading and procedure we see no reason why the other issues alleged in connection with the transaction, if otherwise maintainable, could not be determined in this suit.

■ We turn to an examination of the plaintiffs' claims to see whether a right to recovery could be made out, assuming the facts to be as they contend: that defendant Howard Lund, acting as plaintiffs' attorney, designedly fashioned the lien on the Salt Lake property in a manner insufficient to be recorded and create a lien; and that because of Lund's advice, plaintiffs did not record the California trust deed; so that by reason of those facts plaintiffs did not get the security they were supposed to have. Those facts would not now be of any importance because the only purpose of the security would have been to assure repayment of the loan. Inasmuch as the plaintiffs have been paid, the security would give them no advantage, and its absence has caused them no loss.

There remains the further question whether the plaintiffs have set forth a basis for relief beyond the payment of the loan in the other particulars claimed: that they are entitled to a share in the profits upon the sale of property; and to attorney's fees; and to exemplary damages. The contract which the defendants signed in connection with this transaction, and upon which the plaintiffs mainly rely, contains no express provisions for the items just stated. The essence of the relief the plaintiffs seek is to have it reformed, or added to, to provide a basis for such claims.

■ In regard to the asserted right to share in any excess sales price, the plaintiffs plead that, "if the property held as security" is sold for more than $12,500, the plaintiffs are entitled to share equally in the excess. The difficulty confronting them is that the contract deals with that subject as follows:

"In the event of the sale by promissors [Lunds] of the lot not chosen by the promisee [Smoots] prior to the full payment of this note, promissors agree that any consideration paid for said lot over and above the $12,500 shall be divided equally between promissors and promisee."

The above provision seems clear, unambiguous and understandable: That any sharing in excess price realized refers only to the one lot. It contains no suggestion or implication that the plaintiffs were to share in profit above $12,500 for all of the "property securing the funds advanced by the plaintiff". That being so, the parties are bound by the contract and there is no basis for interpreting, modifying or contradicting it.[2] There is no allegation that the lot referred to was sold, or that it could be sold, for more than the amount stated. Consequent-

2. See Ephraim Theatre Co. v. Hawk, 7 Utah 2d 163, 321 P.2d 221.

ly, the plaintiffs have not stated a right of recovery on that basis.

■■ Nor can we see any merit in the contention that the defendant Howard Lund should have so prepared the contract as to include a provision for attorney's fees. Plaintiffs do not contend that the parties so agreed; nor that the defendants made any false representation or concealment concerning that matter. The claim seems to be that the defendant negligently failed to include that provision in the contract. In regard to the question of the defendant's duty to formulate the contract entirely for the plaintiffs' benefit, in addition to the observations heretofore made in this opinion, this further is to be said: Where an attorney is hired solely to represent the interests of a client, his fiduciary duty is of the highest order and he must not represent interests adverse to those of the client. It is also true that because of his professional responsibility and the confidence and trust which his client may legitimately repose in him, he must adhere to a high standard of honesty, integrity and good faith in dealing with his client. He is not permitted to take advantage of his position or superior knowledge to impose upon the client; nor to conceal facts or law, nor in any way deceive him without being held responsible therefor.

■ In a situation such as that found here, where the attorney had represented a client, but entered into negotiations with him in which it was clearly apparent to the latter that the attorney was dealing in his own interests, it is neither reasonable nor practical to suppose that the attorney will represent the client's interest to the entire exclusion of his own. Nor does the law require it. The plaintiffs appear to be intelligent business people and they were dealing in a very substantial business transaction. There is nothing mysterious or inscrutable about this contract. They were able to read and understand it and they do not claim to the contrary; nor do they allege any concealment or deception as to its contents. We are unable to perceive any basis upon which they could have been taken advantage of unless it be in connection with their claim that the properties referred to should have been pledged for the repayment of the loan. But, as above indicated, even if this claim be accepted as true, in view of the fact that the loan has been fully paid, they have suffered no loss on that account.

■ As to the request for exemplary damages: they may be awarded only where a willful and malicious injury has been perpetrated.[3] Neither the pleadings nor the representations made to the court provide any such foundation for recovery here.

---

3. See Evans v. Gaisford, 122 Utah 156, 247 P.2d 431.

It is our conclusion that the trial court correctly granted the motion for summary judgment after the defendant had paid into court the amount owing on the note.

Affirmed. Costs to defendants (respondents).

WADE, C. J., and McDONOUGH, HENRIOD and CALLISTER, JJ., concur.