MR. JUSTICE MORRISON
delivered the opinion of the Court.
Schwartz Construction filed a complaint on March 28, 1983 in the District Court of the Seventh Judicial District, Dawson County, alleging legal malpractice by Thomas Hanrahan. The complaint was dismissed on May 10, 1983, for failure to state a claim upon which relief could be granted. Schwartz Construction appeals.
Schwartz Construction hired Thomas Hanrahan, a licensed, practicing attorney, to act as its legal counsel in two suits filed against it. According to the malpractice complaint filed by Schwartz Construction (which is the only evidence we have on the matters), Hanrahan failed to file answers in both cases. One suit resulted in a default judgment against Schwartz Construction and a subsequent sheriff’s sale of some of its property. The other suit resulted in execution on Schwartz Construction’s bank account. Execution on the account apparently resulted in the bank stripping Schwartz Construction’s account of all funds.
Section 7 of the complaint alleges:
“7. The failure of the Defendant Hanrahan to perform even rudimentary legal functions to protect his client from the above law suits was negligent, wrongful, and failed to comply with the standards which conduct of any attorney are measured. These failures were the proximate cause of great expense and harm to Plaintiff.”
Further, the complaint seeks $50,000 in actual damages *107 from Hanrahan for failure to represent his client and punitive and exemplary damages of not less than $250,000.
Counsel for Hanrahan filed a motion to dismiss on April 19, 1983, based on Schwartz Construction’s failure to allege that “ ‘but for the negligence of the attorney’ the particular result would not have occurred.” The motion to dismiss was granted for that reason. Schwartz Construction did not attempt to amend its complaint, but brought this appeal instead.
Montana’s liberal rules of pleading are found in Rule 8, M.R.Civ.P. The rules relevant to this proceeding are:
“Rule 8(a). Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
“Rule 8(e) Pleading to be concise and direct - consistency. (1) averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motion are required.”
Schwartz Construction’s claim against Hanrahan is one of attorney malpractice, a negligence action. It is axiomatic that negligence requires the existence of a duty, a breach of that duty and harm caused by that breach. The complaint at issue simply and concisely sets forth allegations supporting each of those elements:
(1) Schwartz Construction hired Hanrahan to act as its legal counsel.
(2) While so acting, Hanrahan failed to file answers to two complaints filed against Schwartz Construction.
(3) Those failures resulted in default judgments against Schwartz Construction.
(4) Schwartz Construction suffered $50,000 in actual damages because of those judgments and demands relief in at least that amount.
*108 Clearly, the complaint against Hanrahan is sufficient under Rule 8, M.R.Civ.P. We therefore reverse the decision of the District Court and remand this cause for trial on the complaint.
This decision is limited solely to the determination that the complaint filed by Schwartz Construction adequately states a claim against Thomas Hanrahan for attorney malpractice. We leave for another time the substantive issue of what type of proof is required in an attorney malpractice action.
Reversed and remanded.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICES HARRISON, SHEA and WEBER concur.