No. 84-207

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

WILLIAM R. MORSE,

        Plaintiff and Respondent,

   -vs-

MARY ANN ESPELAND,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ayers & Alterowitz, Red Lodge, Montana

    For Respondent:

        Anderson, Brown, Gerbase, Cebull & Jones, Billings,
Montana
Bishop & Bishop, Billings, Montana
Overfelt Law Firm; Lee Overfelt, Billings, Montana

---

Submitted on Briefs: Dec. 13, 1984

Decided: February 22, 1985

Filed: FEB 2 1985

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Respondent attorney brought an action in the District Court to recover attorney fees from appellant client. Client answered and counterclaimed, alleging breach of fiduciary duty, constructive fraud, actual fraud, deceit and legal malpractice. Attorney moved for summary judgment on client's counterclaim. The District Court granted the motion on the grounds that no cause of action upon which relief could be granted was stated. Client now appeals. We reverse the decision of the District Court and remand for trial.

The sole issue is whether the District Court erred in granting attorney's motion for summary judgment based upon client's failure to state a claim upon which relief could be granted.

During October 1979, client asked attorney to represent her in a dissolution. Client testified that during their initial meeting, attorney gave her the impression the dissolution would cost $5,000. However, if the dissolution got particularly involved or drawn out, the fee might be slightly higher. Attorney testified that $5,000 was never agreed upon as a final total fee. Rather, they had agreed on a fee arrangement of sixty dollars per hour. In either event, the agreement between the two was never reduced to writing, nor did the attorney keep careful or detailed records of the work he performed on client's behalf.

Attorney began work for client and in February 1981 sent her a bill for $2,015.98. This statement allegedly reflected the work performed up to that point. Client promptly paid that bill in full. No other bills were sent to client.

During the dissolution proceedings, client was offered and rejected a settlement of between $100,000 and $125,000:

At the conclusion of trial, client received a judgment consisting of property valued at $667,555.75. Attorney then told client the suit was going to cost her a lot of money. According to client's testimony, attorney asked her to agree to ten percent. When client reminded him of the initial $5,000 agreement, attorney allegedly responded: "I wouldn't dig ditches for that."

Client refused to pay attorney, following which attorney filed suit for not less than $50,000, expert witnesses expenses, costs and interest. Client answered and counterclaimed. Both parties filed motions for summary judgment. Upon consideration of the pleadings, briefs and depositions, the District Court denied client's motion and granted attorney's motion for summary judgment. The judgment was certified as final and this appeal followed.

Appellant pleads alternatively negligence (legal malpractice), fraud, constructive fraud, deceit and breach of fiduciary duty. While the pleading is not artful, it is not necessarily fatally defective.

Montana no longer requires strict compliance with terms of art and legal phraseology when pleading a cause of action. The archaic rules of code pleading have been replaced by our new rules of civil procedure, which place the spirit of the law above strict compliance with the letter of the law. The liberal rules of pleading in Montana's courts are found in Rule 8, M.R.Civ.P.:

> "Rule 8(a). Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
>
> ". . .

3

"Rule 8(e). Pleading to be concise and direct--consistency. (1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motion are required."

These rules allow the pleader to state his or her claim without fear of dismissal by the court for failure to state a claim in specific, precise words. R. H. Schwartz Construction Specialists, Inc. v. Hanrahan (1983), 672 P.2d 1116, 40 St.Rep. 1926.

Assuming appellant's position to be true, which for purposes of reviewing this summary judgment we must, we then proceed to determine whether an action at law is cognizable. We find the essence of a claim has been pleaded, though not artfully described.

Unquestionably, an attorney has a fiduciary relationship with a client on most matters pertaining to the representation. In the Matter of Bretz (1975), 168 Mont. 23, 56, 542 P.2d 1227, 1245. However, with respect to the negotiation of a fee, an attorney must necessarily deal at arms length with a client. The rules applicable to fiduciary duty cannot realistically be applied. Constructive fraud is a breach of fiduciary duty. Ryckman v. Wildwood, Inc. (1982), 197 Mont. 154, 162-163, 641 P.2d 467, 472. If there is no fiduciary duty in the first place, constructive fraud will not lie.

The facts now before this Court do not indicate a case of fraud or deceit, as at least two of the nine essential elements of fraud are not alleged. There is no claim by client that attorney knowingly made a false representation to her. Van Ettinger v. Pappin (1978), 180 Mont. 1, 9-10, 588 P.2d 988, 993-994. Later development of the evidence may in fact support those theories. At this point, we only find facts sufficient to support a claim for bad faith on the part of respondent.

4

An employer is required to deal fairly and in good faith with its employees. Gates v. Life of Montana Ins. Co. (1983), 668 P.2d 213, 40 St.Rep. 1287. The rationale is stated in Dare v. Montana Petroleum Marketing Co. (1984), 687 P.2d 1015, 41 St.Rep. 1735:

> "Such an employee is protected from bad faith or unfair treatment by the employer to which the employee may be subject due to the inherent inequality of bargaining power present in many employment relationships. The implied covenant seeks to strike a balance between the interests of the employer in controlling the work force and the interests of the employee in job security. Gates, 638 P.2d at 1066-67, 39 St.Rep. at 20." (emphasis supplied) Dare, 687 P.2d at 1020, 41 St.Rep. at 1740.

Likewise, as an attorney, respondent owed his client the obligation to deal fairly and in good faith when negotiating a fee and when ultimately charging and collecting the fee. The inequality that exists between attorney and client in bargaining over a fee is apparent. The attorney knows his or her legal rights. The client probably does not. In negotiating and collecting the fee, the attorney is represented. The client is not. In negotiating and collecting the fee, the attorney is in a vastly superior position to the client and the rationale of Gates and Dare, supra, mandates the application of the covenant to this relationship. If the facts alleged by appellant are true, the fact-finder could determine there was a breach of the obligation owed to deal fairly and in good faith.

We reverse and remand this case for trial. The appellant is given leave to amend her counterclaim to specifically describe a breach of the implied covenant to deal fairly and in good faith.

Justice

5

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices



Mr. Justice John C. Sheehy and Mr. Justice William E. Hunt, Sr.,
deemed themselves disqualified and did not participate in this
decision.

6