No. 98-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 170

295 Mont. 198

983 P.2d 369

RICHARD M. JOYCE,

Plaintiff and Appellant,

v.

H.L. GARNAAS,

Defendant and Respondent.

No

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gene R. Jarussi, Jarussi & Bishop; Billings, Montana

For Respondent:

Gary L. Graham; Garlington, Lohn & Robinson, PLLP;

Missoula, Montana

Submitted on Briefs: December 17, 1998

Decided: July 15, 1999

Filed:

No

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶1. On October 24, 1995, Richard Joyce filed this action in the Thirteenth Judicial District Court, Yellowstone County, against H.L. Garnaas to recover damages for professional negligence. The case was subsequently moved to the Fourth Judicial District Court, Missoula County, following a stipulation for a change of venue. Garnaas thereafter moved for summary judgment on the grounds that Joyce's suit was barred by the ten-year statute of repose applicable to actions for legal malpractice. The District Court granted Garnaas's motion on December 2, 1997, and Joyce appeals. We affirm.**

**¶2. The sole issue on appeal is whether the District Court erred when it granted Garnaas's motion for summary judgment.**

FACTUAL AND PROCEDURAL BACKGROUND

**¶3. On July 4, 1978, Joyce was involved in a traffic accident in which the motorcycle he was driving collided with a vehicle driven by Edward John Glenn. Joyce's attorney, H.L. Garnaas, filed a negligence action against Glenn on Joyce's behalf on July 2, 1981, just prior to the expiration of the applicable three-year statute of limitations. The District Court issued a summons on July 2, 1981, the same day that Garnaas filed the complaint. It is undisputed that Garnaas never served the summons and complaint upon the defendant, and thereby failed to comply with the provisions of Rule 41(e), M.R.Civ.P., which mandate that a defendant be served with a summons within three years of its issuance. On January 13, 1993, the District Court issued an order advising that Joyce's action would "be dismissed without prejudice twenty (20) days from the date of this Order unless further pleadings are filed with the Clerk of Court." Garnaas filed no further pleadings in this case.**

**¶4. Joyce filed the present suit on October 24, 1995, alleging professional negligence on Garnaas's part in connection with the dismissal of his personal injury action against Glenn. In his complaint, Joyce asserted that Garnaas never told him "of his**

failure to serve the defendant," and instead "represented to Joyce that the case was proceeding and was being defended by the Garlington firm of Missoula, Montana." Joyce alleged he was damaged because Garnaas's negligence in the underlying suit has "forever precluded" him "from recovering damages for the injuries [he] suffered in the July 4, 1978 wreck."

¶5. Garnaas filed his answer on September 10, 1996. He later moved for permission to file an amended answer, asking that he be permitted to plead "as affirmative defenses the statute of limitations and the statute of repose applicable to allegations of attorney negligence." The District Court granted Garnaas's motion, and Garnaas filed an amended answer on March 18, 1997.

¶6. On March 24, 1997, Garnaas filed a motion for summary judgment on the grounds that the ten-year statute of repose for legal malpractice actions, codified at § 27-2-206, MCA, barred Joyce's suit. On December 2, 1997, the District Court issued an order granting Garnaas's motion for summary judgment. The District Court entered a judgment in Garnaas's favor on December 16, 1997, and ordered that Joyce's action be dismissed. Joyce filed his notice of appeal on December 31, 1997.

STANDARD OF REVIEW

¶7. This Court's standard of review in appeals from summary judgment rulings is *de novo*. *See Treichel v. State Farm Mut. Auto. Ins. Co.* (1997), 280 Mont. 443, 446, 930 P.2d 661, 663. (citing *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785). This Court reviews a summary judgment order entered pursuant to Rule 56, M.R.Civ.P., based on the same criteria applied by the district court. *See Treichel*, 208 Mont. at 446, 930 P.2d at 663 (citing *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903).

In proving that summary judgment is appropriate:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the

moving party is entitled to judgment as a matter of law. [This Court] reviews the legal determinations made by the district court as to whether the court erred.

*Bruner*, 272 Mont. at 264-65, 900 P.2d at 903.

**¶8. The "moving party has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the moving party to judgment as a matter of law and all reasonable inferences are to be drawn in favor of the party opposing summary judgment."** *Kolar v. Bergo* **(1996), 280 Mont. 262, 266, 929 P.2d 867, 869.**

## DISCUSSION

**¶9. The sole issue raised on appeal is whether the District Court erred when it granted Garnaas's motion for summary judgment. Joyce assigns error to the District Court based on two theories. First, that the District Court erred when it concluded that the statute of repose for legal malpractice requires a dismissal of this action. Second, that the District Court erred when it determined that equity does not act to extend the statute of repose. We will address each theory accordingly.**

Did the District Court err when it concluded that the statute of repose for

legal malpractice requires a dismissal of this action?

**¶10. On December 2, 1997, the District Court granted summary judgment in Garnaas's favor on the grounds that the ten-year statute of repose which governs actions for legal malpractice bars his action. The court recognized that Rule 41(e), M. R.Civ.P., requires that a summons be served upon a defendant within three years of the date the summons was issued, and observed that a summons had been issued in Joyce's personal injury suit on July 2, 1981. The court noted that Garnaas had failed to serve the summons upon Glenn within that three-year time period. Because Garnaas failed to serve the summons on or before July 2, 1984, the court reasoned, it was then that Joyce lost his cause of action against Glenn and "the statutes of limitation and repose, as set forth in MCA § 27-2-206, began to accrue as of July 3, 1984." The District Court determined that "[t]he present legal malpractice action**

was filed on October 24, 1995, which was eleven and one[-]third years after the legal malpractice action accrued based on the failure to timely serve the summons." The court thus concluded that Joyce's legal malpractice action had accrued on July 3, 1984, more than eleven years before he filed his complaint on October 24, 1995. Because more than ten years had passed between the time Joyce's cause of action had accrued and the filing of his complaint, the District Court concluded that the absolute bar imposed by the ten-year statute of repose contained in § 27-2-206, MCA, precluded Joyce from maintaining an action against Garnaas.

¶11. On appeal, Joyce argues that the District Court erred when it granted Garnaas's motion for summary judgment because he claims he acquired a second cause of action against Garnaas on July 4, 1994. Because of this second cause of action against Garnaas, Joyce claims that the District Court erred when it concluded that he failed to initiate his malpractice suit within the periods of limitation set forth in § 27-2-206, MCA. More specifically, Joyce asserts that he lost his personal injury cause of action against Glenn on July 2, 1984, and that his original cause of action against Garnaas for malpractice thus accrued on July 3, 1984. From that point forward, Joyce argues, Garnaas had a further duty, based on their fiduciary relationship, to inform Joyce that his cause of action against Glenn had been lost. Joyce contends that Garnaas breached that duty, however, and never told him of his failure to serve the summons. Joyce maintains that Garnaas affirmatively concealed his own negligence from Joyce because he "inquired of Garnaas on numerous occasions as to the progress of his lawsuit against Glenn," but Garnaas simply assured him his suit was ongoing and that further proceedings were pending. In short, Joyce claims that he has three distinct causes of action in his favor; one against Glenn and two against Garnaas.

¶12. The time within which an action for professional negligence against an attorney must be brought is set forth in § 27-2-206, MCA. That statute provides:

An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

The last phrase of the statute articulates the unconditional ten-year statute of repose. The act, error, or omission of which Joyce complains is that which "precluded [Joyce] from recovering damages for the injuries suffered in the July 4, 1978 wreck." The only act, error, or omission by Garnaas which could be said to have precluded Joyce from recovering damages was the failure to serve the summons and complaint within the three years allowed by Rule 41(e), M.R.Civ.P., on or before July 2, 1984. Therefore, we agree with the District Court that the statutes of limitations and of repose began to run on July 3, 1984. The ten years allowed by the statute of repose expired on July 3, 1994, over a year before the action was filed. Because the statute of repose provides "in no case may the action be commenced after 10 years," the time bar is absolute. Moreover, a failure to discover the alleged negligent act until after the statute of repose had run would not toll the statute.

**¶13. As we stated in *Blackburn v. Blue Mountain Women's Clinic* (1997), 286 Mont. 60, 951 P.2d 1, after considering the statute of repose, § 27-2-205(1), MCA, applicable in medical malpractice cases:**

In the absence of specific statutory language to the contrary, a statute of repose such as the one codified in § 27-2-205(1), MCA, is not subject to tolling. *See First United Methodist Church of Hyattsville v. United States Gypsum Co.* (4th Cir. 1989), 882 F.2d 862, 866, *cert. denied* (1990), 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020.

*Blackburn, 286 Mont. at 73, 951 P.2d at 9. Because § 27-2-206, MCA, has no tolling provision related to the statute of repose it, unlike the statute of repose applicable to medical malpractice cases, is not subject to tolling. See Blackburn, 286 Mont. at 73, 951 P.2d at 9.*

**¶14. In *Blackburn*, we relied upon the Fourth Circuit case of *First United Methodist Church of Hyattsville v. United States Gypsum Co.* (4th Cir. 1989), 882 F.2d 862, 866, *cert. denied* (1990), 493 U.S. 1070, 110 S. Ct. 1113, 107 L. Ed. 2d 1020. The court in *First United Methodist Church* discussed the rationale behind statutes of repose. After noting that a statute of limitations is a procedural device which operates as a defense to limit the remedy available from an existing cause of action, the court described statutes of repose as follows:**

A statute of repose creates a substantive right in those protected to be free from liability

after a legislatively-determined period of time. Statutes of limitations are motivated by considerations of fairness to defendants and are intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims. Statutes of repose are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists. <u>Thus, as a general rule, a statute of limitations is tolled by a defendant's fraudulent concealment of a plaintiff's injury because it would be inequitable to allow a defendant to use a statute intended as a device of fairness to perpetrate a fraud. Conversely, a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body.</u>

*First United Methodist Church*, 882 F.2d at 866 (citations omitted; emphasis added).

¶15. **The three-year statute of limitations for legal malpractice actions contains a built-in tolling mechanism for a defendant's fraudulent concealment of a plaintiff's injury. That is, a statute of limitations does not begin to run until the plaintiff discovers, or with reasonable diligence should have discovered, the act, error, or omission. As the court in *First United Methodist Church* noted, not to provide some tolling for a statute of limitations in those circumstances would inequitably allow the defendant to use the statute, intended as a device of fairness, to perpetrate a fraud. On the other hand, the ten-year statute of repose is the "absolute time limit beyond which liability no longer exists." *First United Methodist Church*, 882 F.2d at 866. Not even fraudulent concealment can toll the statute of repose.**

¶16. **We have examined statutes of repose in different contexts in Montana. In *Association of Unit Owners v. Big Sky of Montana, Inc.* (1990), 245 Mont. 64, 80, 798 P.2d 1018, 1027, we considered § 27-2-208, MCA, which deals with commencement of actions for improvements to real property and the applicable ten-year statute of repose. We stated that even if late discovery of the facts caused an extension of the time for commencement of the action, "in no event" could the action be commenced longer than ten years after the date of the injury. *See Association of Unit Owners*, 245 Mont. at 80, 798 P.2d at 1028.**

¶17. **In apparent recognition of the clear mandatory nature of the statute of repose in**

this case, Joyce seeks to avoid its strictures by asserting a basis for recovery apart from Garnaas's failure to timely serve the summons in the underlying action. Originally, Joyce asserted that Garnaas did not tell him of his failure to serve the defendant and represented to Joyce that the case was proceeding. Joyce now describes a second cause of action against Garnaas as being for the subsequent failure of Garnaas to inform Joyce of the true status of his injury case and, therefore, depriving him of recovery against Garnaas for malpractice. The essence of Joyce's "second cause of action" theory is that if an attorney conceals a potential claim against him for some negligent act, a second action arises for breach of a duty to disclose.

¶18. However, as the District Court correctly found, the omission giving rise to the claim of legal malpractice against Garnaas was the failure to have the summons served within the three-year limitation. It is from this "omission" that both the statute of limitations and the statute of repose are measured. The statute of limitations does not commence until the plaintiff discovers or through the use of reasonable diligence should have discovered the "omission." We agree with Garnaas that the "discovery" aspect of this statute thus takes into account the precise circumstances which extend the time for filing that Joyce relies upon in his "second cause of action"; the failure to inform or concealment from Joyce that the summons was not served. Joyce argues that the concealment of a claim is a separate tort which resets the start date for purposes of the statutes of limitations and repose, rather than being a circumstance in itself which tolls the statute of limitations. However, to accept Joyce's argument concerning when the statute starts to run in these kinds of cases would mean that the statutes of limitations and repose would be essentially eliminated. A claimant would simply have to claim that he or she was not told of the negligence of the attorney in order to overcome the untimeliness of his or her action.

¶19. Garnaas's breach of his responsibility to tell Joyce of the failure to serve the summons occurred at the time the underlying action was lost for failure to serve the summons, and not years later. Therefore, the accrual of any action for failure to notify Joyce that his legal malpractice claim had accrued was July 3, 1984. There is no separate claim for the failure to disclose the effect of not serving the summons within three years which is in addition to the claim for the alleged malpractice; any such claim is subsumed within the initial malpractice. Accordingly, we conclude that because of the passing of the statute of repose, Joyce's claim against Garnaas has been lost.

## Did the District Court err when it determined that equity

## does not act to extend the statute of repose?

¶20. Joyce alternatively argues that an attorney who intentionally misleads a client about the status of that client's case is not entitled to the protection afforded by the statute of repose, and asks this Court to afford him equitable relief from the otherwise absolute ten-year statute of repose codified at § 27-2-206, MCA. Asserting that Garnaas purposely misled him regarding the status of his personal injury suit against Glenn, Joyce urges this Court to consider two possible equitable remedies. First, Joyce suggests that an attorney who intentionally misleads his or her client about the true status of the case is not entitled to claim the benefit of the statute of repose because "no one can take advantage of his wrong" according to § 1-3-208, MCA. Second, Joyce suggests that we should rule that Garnaas is equitably estopped from asserting the statute of repose. Joyce cites *Billings Post No. 1634 v. Department of Revenue* (1997), 284 Mont. 84, 90, 943 P.2d 517, 520, to support his proposition that equitable estoppel is invoked to "promote justice, honesty, and fair dealing; the purpose of the doctrine . . . is to prevent a party from taking unconscionable advantage of his or her wrong while asserting a strict legal right." Joyce urges us to apply the statute of limitations fraudulent concealment doctrine found at § 27-2-102 (3)(b), MCA, to toll the ten-year statute of repose so that Garnaas cannot take advantage of his wrong (concealment) while asserting a strict legal right (statute of repose).

¶21. The District Court considered this equitable argument and concluded that it must fail because the ten-year statute of repose is absolute. Joyce suggests that § 27-2-102(3)(b), MCA, which allows for a tolling of the statute of limitations for fraudulent concealment should apply to this case to toll the statutes of limitations and repose because of Garnaas's alleged fraudulent concealment of the facts of Joyce's second cause of action against him. Joyce urges us to conclude that a defendant cannot fraudulently conceal a matter for a sufficient time to exceed the statute of repose and thereby take advantage of his or her own wrong. However, § 27-2-102(3)(b), MCA, does not apply to legal malpractice actions. Actions for legal malpractice are covered in part two of the statute of limitations chapter of the Montana Code Annotated, and are governed by § 27-2-206, MCA. Section 27-2-206, MCA, incorporates the tolling principle that an action for legal malpractice must be commenced within three years

after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, regardless of whether it was actually concealed. But in no case does the statute allow an action to commence after ten years from the date of the act, error, or omission.

¶22. As we discussed previously, there is no provision in § 27-2-206, MCA, which allows fraudulent concealment to be a cause for the tolling of the statutes of limitations or repose. As we stated in *Blackburn*, 286 Mont. at 73, 951 P.2d at 9, a statute of repose is not tolled without the presence of modifying or limiting language. There is no such language in § 27-2-206, MCA. Although the Legislature specifically adopted the fraudulent concealment tolling provision with regard to the statute of repose in medical malpractice cases (*see* § 27-2-205, MCA), it specifically did not adopt that provision with regard to the statute of repose for legal malpractice. Aside from incorporating a tolling provision for discovery by reasonable diligence of the act, error, or omission, the Legislature specifically stated that "in no case may the action be commenced after ten years from the date of the act, error, or omission." Section § 27-2-206, MCA.

¶23. We agree with the District Court that the omission in this case which gives rise to a claim for legal malpractice was Garnaas's failure to have the summons served within the three-year time limitation. Even Joyce's allegations of continuing fraudulent concealment on the part of Garnaas cannot be remedied by the statutory language of § 27-2-206, MCA. Moreover, we have previously rejected a similar argument in *Schneider v. Leaphart* (1987), 228 Mont. 483, 743 P.2d 613. Joyce's argument that Garnaas's acts of concealment continued as late as January 13, 1993, must fail because Joyce's claims for damages against Garnaas for not informing him of the legal malpractice relate back to the date the summons was not served. Accordingly, we agree with the District Court that principles of equity do not extend the statute of repose because Joyce cannot claim any actual damages separate and apart from Garnaas's original omission.

¶24. The judgment of the District Court is affirmed.

/S/ JIM REGNIER

No

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

Justice Terry N. Trieweiler dissents.

¶25. I dissent from the majority opinion.

¶26. The basis for my disagreement with the majority is its conclusion in ¶12 of its opinion that:

The only act, error, or omission by Garnaas which could be said to have precluded Joyce from recovering damages was the failure to serve the summons and complaint within the three years allowed by Rule 41(2)(e), M.R.Civ.P., on or before July 2, 1984.

¶27. If the Joyce and Garnaas attorney-client relationship had ended on July 2, 1984, I would agree with the majority's conclusion that Garnaas' failure to advise Joyce of his negligent omission did not give rise to a separate cause of action, but was simply a basis for tolling the three-year statute of limitations for up to ten years pursuant to § 27-2-106, MCA. However, the attorney-client relationship at issue did not end on July 2, 1984. Garnaas continued to represent Joyce and according to Joyce's testimony, not only withheld information from him regarding the true status of his case, but made actual representations to him regarding that case. This course of

conduct was a breach of Garnaas' fiduciary duty to Joyce which was, itself, actionable and caused Joyce damage by concealing from him the need or basis for filing a malpractice action against Garnaas until more than ten years after Garnaas' original act of negligence.

¶28. First, I must point out that I am assuming those facts to be true which are most favorable to Joyce, because he is the party against whom summary judgment was entered. Furthermore, while Joyce's deposition has not been filed with this Court, a summary of his testimony with references to page numbers is provided in the appellant's brief, and I assume that summary to be correct because it is not controverted in the respondent's brief. In fact, the respondent concedes in his brief that there is a factual dispute about what was said by Garnaas to Joyce and what information was withheld by Garnaas from Joyce during the years following Garnaas' failure to serve Joyce's summons and complaint on the defendant in the underlying action.

¶29. The facts I assume to be true for purposes of the summary judgment proceeding are: that Garnaas continued to represent Joyce following his failure to serve the summons and complaint; over the years Joyce asked Garnaas about the progress of his lawsuit against Glenn and was repeatedly assured by Garnaas that the suit was ongoing and that further proceedings were pending; and that these misrepresentations continued into 1993. In fact, it is Joyce's contention that Garnaas failed to tell him about the January 13, 1993 order which finally dismissed his lawsuit for failure to prosecute.

¶30. In *Morse v. Espeland* (1984), 215 Mont. 148, 696 P.2d 428, we held that:

Unquestionably, an attorney has a fiduciary relationship with a client on most matters pertaining to the representation. *In the Matter of Bretz* (1975), 168 Mont. 23, 56, 542 P.2d 1227, 1245.

. . . .

Likewise, as an attorney, respondent owed his client the obligation to deal fairly and in good faith when negotiating a fee and when ultimately charging and collecting the fee. . . .

If the facts alleged by appellant are true, the fact-finder could determine there was a breach of the obligation owed to deal fairly and in good faith.

*Morse*, 215 Mont. at 151-52, 696 P.2d at 430.

**¶31. While Montana case law provides no extensive discussion of breach of the fiduciary duty as the basis for a professional liability claim or the exact conduct for which recovery is permitted based upon breach of that duty, a thorough discussion is provided in the Utah case of *Kilpatrick v. Wiley, Rein, & Fielding* (Utah App. 1996), 909 P.2d 1283. In that case, the plaintiffs alleged that the defendant law firm had committed professional malpractice by failing to disclose a conflict of interest from which plaintiffs allege they were ultimately damaged. In discussing the potential forms in which a malpractice action can be presented that court explained as follows:**

Legal malpractice is a generic term for at least three distinct causes of action available to clients who suffer damages because of their lawyers' misbehavior. Clients wronged by their lawyers may sue for damages based on breach of contract, breach of fiduciary duty, or negligence. *See* Roy R. Anderson and Walter W. Steele, Jr.*, Fiduciary Duty, Tort & Contract: A Primer on the Legal Malpractice Puzzle*, 47 SMU L.Rev. 235 (1994) (arguing for careful distinctions between contract, tort, and fiduciary duty causes of action for legal malpractice); . . . Regardless of whether the cause of action is based on negligence, breach of contract, or breach of fiduciary duty, the central purpose of the law of legal malpractice is to guard against and to remedy exploitation of the power lawyers possess over their clients' lives and property. *See* Anderson & Steele, *supra,* at 236.

*Kilpatrick, 909 P.2d at 1289.*

**¶32. In *Kilpatrick* the Utah court distinguished claims based on breach of fiduciary duty from those based on negligence as follows:**

While legal malpractice actions based on breach of contract are conceptually distinct, legal malpractice actions based on negligence and breach of fiduciary duty are more difficult to differentiate. As fiduciaries, attorneys have a legal duty "to represent the client with

undivided loyalty, to preserve the client's confidences, <u>and to disclose any material matters bearing upon the representation [of the client]</u>." 1 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 11.1, at 631 (3d ed. 1989).

*Kilpatrick, 909 P.2d at 1290 (emphasis added).*

Legal malpractice based on negligence concerns violations of a standard of care; whereas, legal malpractice based on breach of fiduciary duty concerns violations of a standard of conduct. *See id.* at 249.

*Kilpatrick, 909 P.2d at 1290.*

**¶33. Quoting from *Smoot v. Lund*, 13 Utah 2d 168, 172, 369 P.2d 933, 936 (1962), the court described the obligations owed to a client based on the fiduciary relationship as follows:**

It is also true that because of his professional responsibility and the confidence and trust which his client may legitimately repose in him, he must adhere to a high standard of honesty, integrity[,] and good faith in dealing with his client. He is not permitted to take advantage of his position or superior knowledge to impose upon the client; nor to conceal facts or law, nor in any way deceive him without being held responsible therefor.

*Kilpatrick, 909 P.2d at 1290.*

**¶34. Finally, the Utah court described the elements of legal malpractice based on fiduciary duty as: (1) an attorney-client relationship; (2) breach of the fiduciary duty to the client; and (3) causation of damages. *Kilpatrick*, 909 P.2d at 1290.**

**¶35. In this case, Joyce alleged two claims against Garnaas: (1) he alleged that Garnaas was negligent by failing to serve the defendant in the underlying personal**

injury action with the summons that had been issued; and (2) he alleged that Garnaas breached his duty of disclosing to him, honestly, the status of his case. I conclude that the alleged failure to disclose gave rise to a second cause of action for breach of fiduciary duty; and that all elements of the second cause of action accrued on or about July 3, 1994 when Joyce was barred by the statute of repose found at § 27-2-206, MCA, from bringing an action against Garnaas to recover compensation for his original act of professional negligence. Because Joyce's action for breach of that fiduciary duty was filed on October 24, 1995, it was filed within three years from the date on which the action accrued and was timely. Therefore, I conclude that the District Court erred when it dismissed Joyce's claim for breach of fiduciary duty by summary judgment.

¶36. Nor do I agree with the majority's conclusion that to acknowledge a second cause of action for breach of the fiduciary duty would eliminate statutes of repose. As set forth previously, the elements of the action for breach of fiduciary duty require an ongoing attorney-client relationship and a further affirmative act or omission such as a misrepresentation, or concealment, or failure to inform regarding the subject of the representation. This does not represent the typical situation in claims of professional negligence. In the most common situation, when an act of negligence occurs, the client's rights are somehow affected and the attorney-client relationship ends. Under those circumstances, there may be an ethical obligation on the part of the attorney to advise his former client of his negligent act or omission, but there is no fiduciary obligation which would give rise to a civil action.

¶37. For these reasons, I dissent from the majority opinion. I would reverse the District Court and remand for further proceedings related to Joyce's claim that during his attorney-client relationship with H. L. Garnaas, that Garnaas breached his fiduciary duty to Joyce by failing to disclose to him the true status of his claim against Edward John Glenn.

/S/ TERRY N. TRIEWEILER