JUSTICE TRIEWEILER
dissents.
¶25 I dissent from the majority opinion.
¶26 The basis for my disagreement with the majority is its conclusion in ¶12 of its opinion that:
The only act, error, or omission by Garnaas which could be said to have precluded Joyce from recovering damages was the failure to serve the summons and complaint within the three years allowed by Rule 41(2)(e), M.R.Civ.P, on or before July 2,1984.
¶27 If the Joyce and Garnaas attorney-client relationship had ended on July 2, 1984,1 would agree with the majority’s conclusion that Garnaas’ failure to advise Joyce of his negligent omission did not give rise to a separate cause of action, but was simply a basis for toll *208 ing the three-year statute of limitations for up to ten years pursuant to § 27-2-106, MCA. However, the attorney-client relationship at issue did not end on July 2,1984. Garnaas continued to represent Joyce and according to Joyce’s testimony, not only withheld information from him regarding the true status of his case, but made actual representations to him regarding that case. This course of conduct was a breach of Garnaas’ fiduciary duty to Joyce which was, itself, actionable and caused Joyce damage by concealing from him the need or basis for filing a malpractice action against Garnaas until more than ten years after Garnaas’ original act of negligence.
¶28 First, I must point out that I am assuming those facts to be true which are most favorable to Joyce, because he is the party against whom summary judgment was entered. Furthermore, while Joyce’s deposition has not been filed with this Court, a summary of his testimony with references to page numbers is provided in the appellant’s brief, and I assume that summary to be correct because it is not controverted in the respondent’s brief. In fact, the respondent concedes in his brief that there is a factual dispute about what was said by Garnaas to Joyce and what information was withheld by Garnaas from Joyce during the years following Garnaas’ failure to serve Joyce’s summons and complaint on the defendant in the underlying action.
¶29 The facts I assume to be true for purposes of the summary judgment proceeding are: that Garnaas continued to represent Joyce following his failure to serve the summons and complaint; over the years Joyce asked Garnaas about the progress of his lawsuit against Glenn and was repeatedly assured by Garnaas that the suit was ongoing and that further proceedings were pending; and that these misrepresentations continued into 1993. In fact, it is Joyce’s contention that Garnaas failed to tell him about the January 13,1993 order which finally dismissed his lawsuit for failure to prosecute.
¶30 In Morse v. Espeland (1984), 215 Mont. 148, 696 P.2d 428, we held that:
Unquestionably, an attorney has a fiduciary relationship with a client on most matters pertaining to the representation. In the Matter of Bretz (1975), 168 Mont. 23, 56, 542 P.2d 1227, 1245.
Likewise, as an attorney, respondent owed his client the obligation to deal fairly and in good faith when negotiating a fee and when ultimately charging and collecting the fee.... If the facts al *209 leged by appellant are true, the fact-finder could determine there was a breach of the obligation owed to deal fairly and in good faith.
Morse, 215 Mont. at 151-52, 696 P.2d at 430.
¶31 While Montana case law provides no extensive discussion of breach of the fiduciary duty as the basis for a professional liability claim or the exact conduct for which recovery is permitted based upon breach of that duty, a thorough discussion is provided in the Utah case of Kilpatrick v. Wiley, Rein, & Fielding (Utah App. 1996), 909 P.2d 1283. In that case, the plaintiffs alleged that the defendant law firm had committed professional malpractice by failing to disclose a conflict of interest from which plaintiffs allege they were ultimately damaged. In discussing the potential forms in which a malpractice action can be presented that court explained as follows:
Legal malpractice is a generic term for at least three distinct causes of action available to clients who suffer damages because of their lawyers’ misbehavior. Clients wronged by their lawyers may sue for damages based on breach of contract, breach of fiduciary duty, or negligence. See Roy R. Anderson and Walter W. Steele, Jr., Fiduciary Duty, Tort & Contract: A Primer on the Legal Malpractice Puzzle, 41 SMU L.Rev. 235 (1994) (arguing for careful distinctions between contract, tort, and fiduciary duty causes of action for legal malpractice);... Regardless of whether the cause of action is based on negligence, breach of contract, or breach of fiduciary duty, the central purpose of the law of legal malpractice is to guard against and to remedy exploitation of the power lawyers possess over their clients’ lives and property. See Anderson & Steele, supra, at 236.
Kilpatrick, 909 P.2d at 1289.
¶32 In Kilpatrick the Utah court distinguished claims based on breach of fiduciary duty from those based on negligence as follows:
While legal malpractice actions based on breach of contract are conceptually distinct, legal malpractice actions based on negligence and breach of fiduciary duty are more difficult to differentiate. As fiduciaries, attorneys have a legal duty “to represent the client with undivided loyalty, to preserve the client’s confidences, and to disclose any material matters bearing upon the representation [of the client].” 1 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 11.1, at 631 (3d ed. 1989).
Kilpatrick, 909 P.2d at 1290 (emphasis added).
*210 Legal malpractice based on negligence concerns violations of a standard of care; whereas, legal malpractice based on breach of fiduciary duty concerns violations of a standard of conduct. See id. at 249.
Kilpatrick, 909 P.2d at 1290.
¶33 Quoting from Smoot v. Lund, 13 Utah 2d 168, 172, 369 P.2d 933, 936 (1962), the court described the obligations owed to a client based on the fiduciary relationship as follows:
It is also true that because of his professional responsibility and the confidence and trust which his client may legitimately repose in him, he must adhere to a high standard of honesty, integrity[,] and good faith in dealing with his client. He is not permitted to take advantage of his position or superior knowledge to impose upon the client; nor to conceal facts or law, nor in any way deceive him without being held responsible therefor.
Kilpatrick, 909 P.2d at 1290.
¶34 Finally, the Utah court described the elements of legal malpractice based on fiduciary duty as: (1) an attorney-client relationship; (2) breach of the fiduciary duty to the client; and (3) causation of damages. Kilpatrick, 909 P.2d at 1290.
¶35 In this case, Joyce alleged two claims against Garnaas: (1) he alleged that Garnaas was negligent by failing to serve the defendant in the underlying personal injury action with the summons that had been issued; and (2) he alleged that Garnaas breached his duty of disclosing to him, honestly, the status of his case. I conclude that the alleged failure to disclose gave rise to a second cause of action for breach of fiduciary duty; and that all elements of the second cause of action accrued on or about July 3,1994 when Joyce was barred by the statute of repose found at § 27-2-206, MCA, from bringing an action against Garnaas to recover compensation for his original act of professional negligence. Because Joyce’s action for breach of that fiduciary duty was filed on October 24, 1995, it was filed within three years from the date on which the action accrued and was timely. Therefore, I conclude that the District Court erred when it dismissed Joyce’s claim for breach of fiduciary duty by summary judgment.
¶36 Nor do I agree with the majority’s conclusion that to acknowledge a second cause of action for breach of the fiduciary duty would eliminate statutes of repose. As set forth previously, the elements of the action for breach of fiduciary duty require an ongoing attorney-client relationship and a further affirmative act or omission such *211 as a misrepresentation, or concealment, or failure to inform regarding the subject of the representation. This does not represent the typical situation in claims of professional negligence. In the most common situation, when an act of negligence occurs, the client’s rights are somehow affected and the attorney-client relationship ends. Under those circumstances, there may be an ethical obligation on the part of the attorney to advise his former client of his negligent act or omission, but there is no fiduciary obligation which would give rise to a civil action.
¶37 For these reasons, I dissent from the majority opinion. I would reverse the District Court and remand for further proceedings related to Joyce’s claim that during his attorney-client relationship with H. L. Garnaas, that Garnaas breached his fiduciary duty to Joyce by failing to disclose to him the true status of his claim against Edward John Glenn.